**CITY OF LUBBOCK, Appellant,**

v.

**Fronia S. JOHNSTON, Appellee.**

No. 6654.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 25, 1957.

Rehearing Denied March 25, 1957.

Vaughn E. Wilson, City Atty., and Fred O. Senter, Jr., Asst. City Atty., Lubbock, for appellant.

Campbell & Brock, Lubbock, for appellee.

PITTS, Chief Justice.

This suit arose out of a contract consisting of a written proposal made by appellee, Fronia S. Johnston, a feme sole, to appellant, City of Lubbock, a record acceptance thereof by the City of Lubbock and a written confirmation thereafter made by Fronia S. Johnston. Thereafter in connection with such, appellant, City of Lubbock, filed suit seeking injunctive relief against appellee, Fronia S. Johnston, who joined issues with appellant and sought by a cross action specific performance of the contract and damages against appellant for obtaining an injunction against her wrongfully.

According to the record, appellant needed a portion of appellee's land for highway right of way purposes. As a result of negotiations, appellee on March 2, 1954, proposed to appellant in writing drawn by appellant's assistant city engineer, John Scott, to exchange certain described lands with appellant, City of Lubbock, provided the city would pay her an additional consideration of $10,000, move 7 small frame houses to be purchased by the city to the premises which she proposed to purchase from the city, build her a small 4-room house thereon for living quarters for herself, build certain woven wire fences on the said premises, all to be done in accordance with a plat attached thereto and made a part thereof, marked "Exhibit A", and extend to the said premises and provide for her living quarters utility facilities for water, gas and lights, after a completion of all of these transactions appellee therein

agreed to pay appellant the sum of $2,000. On the next day, March 3, 1954, appellant, the City of Lubbock, acting through and by its city commission at a called meeting held, unanimously accepted appellee's proposal with "Exhibit A" attached and made a part thereof, provided appellee would quitclaim the land she proposed to sell by exchange to the city as provided for in her proposal and give immediate possession of the same inasmuch as a portion of the said land would be needed for right of way purposes for highway construction, the same to become effective upon the approval and confirmation by appellee. On March 6, 1954, appellee, Fronia S. Johnston, in writing accepted, approved and confirmed the conditional acceptance of the city given her former proposal and thereafter on March 17, 1954, in compliance with her proposal she conveyed the land in question by a quitclaim deed to the City of Lubbock, which paid to appellee therefor $10,000 as a part of the consideration and soon thereafter moved the 7 small houses in question to the land the city had agreed to convey to appellee, but had not by deed conveyed the said land to appellee and had not constructed the 4-room house thereon for her living quarters nor extended the utility service to the premises nor built the woven wire fences thereon.

Allegedly because appellant had failed to fully comply with the terms of the contract, appellee remained on the land she had conveyed by a quitclaim deed to the city and was there when a portion of the land was needed for highway right of way purposes. On May 17, 1954, appellant filed an action against appellee for immediate injunctive relief, alleging in effect that appellee was interfering with the progress of highway construction and threatening bodily violence against the workmen who were fulfilling a construction contract and had a lawful right upon the land she had conveyed to the city. On the same date the trial court granted a temporary restraining order against appellee as prayed for and set a further hearing in the matter for May 26,

1954. Appellee was immediately served with a copy of the restraining order, after which a hearing was had the next day on May 18, 1954, upon an affidavit of disobedience of the restraining order, supplemented by other proof at the hearing, as a result of which the trial court found appellee guilty of having violated its injunctive order, for which reason a penalty of three days in jail was imposed upon appellee, who satisfied the penalty.

Thereafter on June 10, 1954, appellant answered appellee's cross action and joined issues with her. Both parties continued to plead and file voluminous pleadings and replies thereto. On August 31, 1955, appellant sought by a motion for summary judgment to deny appellee any recovery for damages by reason of the injunction and her being punished for contempt of court because the injunction was properly granted and she was justly so punished by reason of her own misconduct in violation of the order. Appellee filed a reply to the motion, after which a hearing was duly had on the said motion on September 14, 1955, as a result of which appellant's motion was sustained and appellee was denied any damages for being allegedly wrongfully enjoined and imprisoned for contempt by a summary judgment duly entered by the trial court, from which judgment no appeal was then perfected but appellee reserved her exceptions in the final judgment on the merits.

The case on the merits went to trial before a jury on September 26, 1955, upon appellant's original petition, appellee's third amended answer and cross action and appellant's answer to appellee's third amended answer and cross action wherein appellee had continued to seek specific performance of the contract in question and damages by reason of being wrongfully enjoined and imprisoned. Appellant in its answer to appellee's third amended answer and cross action, pleaded many exceptions thereto, a general denial and several special denials, then pleaded that the contract, being a con-

ditional contract, never became a binding obligation; then pleaded in the alternative that the contract was "at one time a valid contract" but had since become invalid; then pleaded in the alternative that the contract had never been valid but was void because appellee contemplated keeping goats on the land to be purchased from the city in violation of a city ordinance; then in the alternative pleaded mutual mistake of the parties; then in the alternative pleaded that the city was ready, willing and able to comply with the terms of the contract until differences arose between the parties that they were unable to settle; that appellee had failed to give any notice in writing to appellant of her claims for specific performance and for alleged damages as she was required to do under the provisions of the city charter; consequently for the reasons alleged, appellant sought judgment. The trial court properly sustained appellant's special exceptions to appellee's alleged claims for damages by reason of her being wrongfully enjoined and imprisoned for the same reasons given denying her recovery in the summary judgment previously entered.

Appellant impleaded O. J. and Pinkie Cooper as defendants and prior record owners in fee simple of the land conveyed to it by appellee in a quitclaim deed and they were cited by publication with Hon. Robert F. Proctor appointed attorney for such parties by the court to represent them. Judgment was rendered against them and for appellant from which judgment they did not appeal and are not therefore before this court.

The evidence conclusively reveals that appellant is entitled to have the temporary injunction made permanent as claimed by appellant to restrain appellee from in any way disturbing the workmen in their construction of the highway across the land she had quitclaimed to appellant, thus leaving only the issue of specific performance of the contract to be here determined.

Appellant also pleaded and contended that the contract had been mutually abandoned by the parties. Upon one special issue submitted to the jury, with another conditionally submitted to it and not necessarily answered, the jury found that the contract had not been mutually abandoned by agreement of the parties. In its judgment the trial court found in effect that both parties had partially performed according to the terms of the contract by appellee executing the quitclaim deed in accordance with the terms of the contract and by appellant paying her $10,000 as a part of the consideration therefor and delivering to her the 7 small houses to be used by her as barns in accordance with the terms of the contract. But the trial court further found in effect that both parties had failed in part to completely perform in compliance with the terms of the contract, which the trial court found they must do as a result of the jury findings.

Upon conclusive proof made, together with the jury verdict on the issue of no abandonment of the contract by mutual agreement, the trial court entered its judgment requiring appellant under the terms of the contract to execute and deliver to appellee a special warranty deed to the described 10 acres of land it agreed to exchange with her, divesting title out of the city and vesting same in appellee for the said 10-acre tract of land, requiring appellant to construct on the said 10-acre tract of land the 4-room house, to build the woven wire fences together with the 6 pens provided for in the contract and to extend to the living quarters and provide therefor utility facilities for water, gas and lights, all to be done in accordance with the terms of the contract and a plat attached to the proposal and made a part thereof. The trial court further held in effect that appellant was required to perform in accordance with the remaining terms of the contract within a reasonable length of time, for which reason appellant was given 30 days in which to execute

the deed of conveyance to appellee of the 10-acre tract of land and 90 days to consummate the remaining terms of the contract. The trial court likewise rendered judgment for appellant and against the impleaded defendants, O. J. and Pinkie Cooper, former record owners of the land, for title and possession of the land described in the quitclaim deed executed by appellee on behalf of appellant and ordered a writ of possession of this said land to appellant and a writ of possession of the 10-acre tract of land to appellee, but the court required appellant to pay to O. J. and Pinkie Cooper, or to deliver into the registry of the court for them, a consideration of $10 and awarded Hon. Robert F. Proctor a fee of $250 for serving as attorney for such parties charged against appellant. The court likewise entered judgment requiring appellee to pay into the registry of the court the sum of $2,000 as provided for in the contract to be thereafter paid to appellant upon its compliance with the terms of the contract as required by the trial court's judgment. It may be here observed that the contract contains a provision to the effect that all of the terms agreed upon are therein stated and no person or authority can otherwise bind the City of Lubbock unless it is officially done. Both the City of Lubbock and Fronia S. Johnston excepted and gave notice of appeal, however, only the City of Lubbock perfected an appeal but Fronia S. Johnston has presented two cross assignments.

■ Appellant charges error because appellee failed to plead and prove 30 days prior notice to appellant, a home-ruled municipal corporation, of appellee's claims for specific performance of the contract and her alleged damages, as she was required to do under the provisions of the city charter. The record reveals that on May 17, 1954, appellant filed this suit seeking in effect a temporary injunction to be thereafter made permanent and a mandatory order for possession of the land described in the quitclaim deed executed on March 17,

1954, by appellee to appellant for a consideration in part of $10,000, which sum had been paid to appellee by appellant; that on June 3, 1954, appellee did give notice of her claims for specific performance, for damages and other relief sought to appellant through its legal agent and that on June 7, 1954, appellee filed her answer and cross action and thereafter on June 9, 1954, she filed an amended answer and cross action and attached thereto a copy of the contract, seeking specific performance and damages; that on June 10, 1954, appellant filed its original answer to appellee's cross action denying liability in effect but failing therein to claim as a defense appellee's failure to plead and give notice to the city of her claims for specific performance and damages. It therefore appears from the record that appellee did serve appellant with notice of her claims on June 3, 1954, before she filed her cross action for specific performance and damages on June 7, 1954, and her amended pleading for such on June 9, 1954, which was in any event within the 30-day period. It likewise appears that on June 10, 1954, appellant answered appellee's claims and in effect denied liability. It has been held that under such circumstances appellant, the City of Lubbock, has waived the notice required by its denial of liability, even though the record reveals in the case at bar that notice was given. City of El Paso v. Pan American Supply Co., Tex.Civ.App., 251 S.W.2d 742. In this suit the issue of damages has already been disposed of, leaving only the issue of specific performance of the contract. Appellant was well aware of its own commitments as well as those made by appellee. By reason of the negotiations had between the parties each knew what the other was claiming and each knew that the other had complied in part with the terms of the contract but each had failed in part to fully comply with all the terms thereof. For appellee to be required to give notice to appellant of her claims, although the record reveals that she did give such notice, would be requiring her to do a useless thing and the law never requires the doing of a useless thing and it was so held by the last authority cited. It

has also been held that such a notice to the city is not required as a prerequisite for a suit for breach of contract. Geo. L. Simpson v. City of Lubbock, Tex.Civ.App., 17 S.W.2d 163. In our opinion if such a notice is not required as a prerequisite in a suit against a city for breach of contract, the same rule should prevail in a suit against a city for specific performance of a contract. In any event appellant's charges of error for lack of notice to the city are overruled.

Appellant further claims in effect that the execution of the quitclaim deed of date March 17, 1954, by appellee and acceptance thereof by the city was a substitute for the original contract; that there was a mutual recision of the contract as well as mutual abandonment thereof; that the terms of the contract were vague and uncertain; that there was a mutual mistake; that the minds of the parties to the contract did not meet on all of the terms thereof; that the terms of the contract were illegal in part and that appellee breached the terms of the contract. We do not find any of such claims supported by the record and they are all overruled. In our opinion the contract in question is couched in simple language and free of complications. The parties began performance immediately in compliance with some of the material terms of the contract and thereafter it appears confusion arose because of an effort to read into the contract matters and provisions that were not therein expressed. In our opinion no showing was made of bad faith or misunderstanding. It was a situation wherein the parties, after long negotiations, voluntarily entered into a simple contract and performed in part, and thereafter began squabbling about further performance. Under the existing circumstances it is our opinion that the trial court was justified in exercising broad discretionary powers in construing the contract and in determining the legal rights of the parties. In our opinion further there was ample evidence to support the jury finding on the question of mutual abandonment and the trial court's judgment is

supported by the record. We therefore overrule all of appellant's points of error and appellee's two cross assignments as well, in which appellee seeks damages by reason of the injunction and her imprisonment for contempt and also seeks to avoid payment of the $2,000 as provided for in the contract, the terms of which she seeks to have enforced. In our opinion appellant's contentions to the effect that the contract is illegal because of appellee's intentions to keep goats on the 10-acre tract of land appellant agreed to convey to her in violation of a city ordinance is not sound because there is nothing to prevent appellant from enforcing the ordinance against goats being kept on such tract of land if it has such ordinance.

Although we have before us a voluminous record, the same has been carefully examined by us and in our opinion no reversible error has been shown. However, in our opinion the trial court's judgment should be reformed by making the temporary injunction previously granted appellant against appellee permanent. Therefore the trial court's judgment is thus reformed and with such reformation it is affirmed. Reformed and affirmed.