JACKSON *v.* BOARD OF COUNTY COMMISSIONERS OF ANNE ARUNDEL COUNTY

[No. 121, September Term, 1963.]

*Decided December 11, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Martin Moncarz,* with whom was *James G. Perry* on the brief, for the appellant.

*James L. Wray,* with whom were *McWilliams & Melvin* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The appeal is from a summary judgment in favor of Anne Arundel County for failure of the plaintiff to comply with the statutory provisions for the giving of notice to a county or other municipality as a prerequisite to claiming or suing for "unliquidated damages for any injury or damage to person or property." Code (1957), Art. 57, Sec. 18, as read by *Neuenschwander v. Wash. San. Com.,* 187 Md. 67, 76, provides that as a condition precedent to the maintenance of a successful claim or of suit against a municipality, the claimant or his representative must, within ninety days of the occurrence, present to "the county commissioners, or the corporate authorities" in person or by registered mail written notice "setting forth the time, place and cause of the alleged damage, loss, injury or death."

The stipulated facts establish the following. The appellant Phyllis Jackson was injured while a passenger in an automobile driven by her husband, William Jackson, by reason of a collision of the automobile and a dump truck owned by the County and driven by its servant. The accident happened on January 18, 1962. The County employee who was driving the County dump truck reported the collision to his superiors shortly thereafter, in the regular course of business. The County's insurance carrier investigated the claim. On March 19, 1962, claimant's attorney gave oral notice of the claim to an assistant county attorney. On April 12, 1962, claimant's attorney sent a letter by ordinary mail to the County Commissioners of Anne Arundel County at the court house in Annapolis, which read as follows:

> "We represent Phyllis and William A. Jackson, Jr., and their collision insurance carrier, Interstate Insurance Company, in a claim for damages against Anne

Arundel County Public Works arising out of a collision occurring on January 18, 1962, at Solley Road and Powhatan Beach Road with a County Roads truck operated by Joseph Frank Havranek.

"Please contact us promptly or if you carry liability insurance, have your insurance carrier contact us concerning payment of our claim."

The Commissioners received the letter within a day or two of mailing and before the expiration of ninety days from January 18, 1962. It also appears that on April 26, 1962, the County's insurer replied to claimant's attorney on behalf of "our above insured" (the County Commissioners of Anne Arundel County) that "since our investigation clearly reveals negligence on the part of your client, William A. Jackson, Jr., we must respectfully deny your subrogation claim."

In response to appellant's argument that there was sufficient compliance with the statute requiring notice, the County argues that there was noncompliance with two essential requirements—there was no notice given of appellant's claim, only of a claim for property damage and, in any event, the notice was not delivered either in person or by registered mail. We find neither of the County's contentions to be sound.

The purpose of the statute clearly would seem to be to have the claimant furnish the municipal body with sufficient information to permit it to make an investigation in due time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it. The Legislature expressly provided that there be given the municipality written notice of "the time, place and cause" of the alleged injury. The written notice which the County received in this case said there was a claim for damages against the County by Phyllis and William Jackson and their insurance carrier by reason of a collision with "a County Roads truck operated by Joseph Frank Havranek" on January 18, 1962, at Solley Road and Powhatan Beach Road. This would seem to be literal compliance with the statute's requirement of advice as to "the time, place and cause of the alleged damage" and certainly, we think, there was substantial gratification of the purpose of

the statute when the appellant, Phyllis Jackson, put the County on notice that she had a claim for damages suffered at a specified time and place and from a stated cause. Under the great weight of authority, substantial compliance is enough. See annotation in 63 A. L. R. 2d 863, 866, entitled "Sufficiency of notice of claim against municipality as regards description of personal injury or property damage," and annotation in 62 A. L. R. 2d 397, 401, titled "Sufficiency of notice of claim against municipality with respect to nature of defect and cause of accident."

It is conceded that the appellant did not either deliver the notice in person or cause it to be delivered by registered mail, but it is also a stipulated fact that the notice, which we hold met the statutory standards, was actually received by the County in the ordinary mail within the time set by the Code provision. Statutes of this type are part of the law of many States and the majority of the cases recognize that the purpose of their specifics as to delivery is to make sure that notice actually is received within a short enough time after the injury occurs to give the municipality an opportunity to investigate while the matter is fresh. If the purpose of the statutes is fulfilled, the manner of the accomplishment of the fulfillment has not generally been tested too technically. *Teresta v. City of New York* (N. Y.), 108 N. E. 2d 397. In such cases substantial compliance generally is held to be enough. 18 *McQuillin, Mun. Corp.*, 3rd Ed., Sec. 53.162 (Cum. Supp.); 1 *Merrill on Notice*, Sec. 545, p. 570; 64 C. J. S. *Mun. Corp.* 2199, a and f; 38 Am. Jur. *Mun. Corp.* Sec. 675; *Rhyne, Municipal Law*, Sec. 30-32.

In *Perl v. New York City Housing Authority*, 231 N. Y. S. 2d 142, and *Drake v. Comptroller of City of New York*, 104 N. Y. S. 2d 774, the notice was not sent by registered mail but actual receipt was admitted or demonstrated. It was held that the statutory prescription for sending the notice by registered mail was obviated.

> *Judgment reversed, with costs, and case remanded for further proceedings.*