## LOEWINGER ET AL. *v.* PRINCE GEORGE'S COUNTY, MARYLAND

[No. 399, September Term, 1971.]

*Decided July 5, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and RALPH W. POWERS, Chief Judge of the Seventh Judicial Circuit, specially assigned.

Submitted on brief by *Daniel I. Sherry* for appellants.

*James P. Salmon,* with whom were *Sasscer, Clagett, Channing & Bucher* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Sybel Loewinger and Daniel Loewinger filed suit

against Prince George's County, Maryland for injuries caused when her feet were caught in a treadmill while she was undergoing medical tests at the hospital operated by the County. The demurrer to their declaration was sustained without leave to amend and a judgment entered for the County.

The narrow issue presented on appeal is whether there was compliance with Article 57, § 18 of the Annotated Code of Maryland (1957, 1972 Repl. Vol.), which required that written notice be presented either in person or by registered mail to the County Commissioners or County Council [1] within 180 days after the injury was sustained, setting forth the time, place or cause of the alleged damage.

The declaration alleged compliance in that written reports and records were made regarding the incident by various agents, servants and employees of the County employed at the hospital, including the hospital administrator, from their own investigation and the complaints of Sybel Loewinger; that a representative of the County's tort liability carrier called at the home of plaintiffs a week after the occurrence to investigate their claim, and within less than a month after the injury, written notice of the claim was sent to an insurance company, which acknowledged that it was the insurer for the hospital.

While claimants may consider this type of legislation to be only a hurdle in an obstacle course erected to frustrate claims against municipal corporations, its purposes are apparent and the validity of such legislation has been upheld. *Neuenschwander v. Washington Suburban Sanitary Commission*, 187 Md. 67, 48 A. 2d 593 (1946).

In *Jackson v. Bd. of Co. Comm'rs*, 233 Md. 164, 168, 195 A. 2d 693 (1963), considering the same statute, this Court said: "* * * If the purpose of the statutes is fulfilled, the manner of the accomplishment of the fulfillment has not generally been tested too technically." It was

---

1. While the 180 day period was running, Prince George's County's Charter became effective so that notice might have been given to the Commissioners or the Council.

there held that a notice, meeting statutory standards, when actually received by the County by ordinary mail within the time set, would gratify the requirements of the statute, although the notice was not delivered in person or by registered mail.

This is not to say that any information at all, conveyed to anyone connected with the County, is sufficient. There must be substantial compliance in order to give the statute effect. Lacking here was any direct notice whatever to the County Commissioners or Council. That the hospital authorities knew about an accident and the liability carrier investigated the injury and received a communication from plaintiff's attorney informing it of his representation, is insufficient compliance with the statute.

The demurrer was properly sustained without leave to amend.

*Judgment affirmed; appellants to pay the costs.*