GRUBBS *v.* PRINCE GEORGE'S COUNTY,
MARYLAND

[No. 70, September Term, 1972.]

*Decided December 11, 1972.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ., and ALFRED L. SCANLAN, Associate Judge of the Court of Special Appeals, specially assigned.

*Donald P. McLaughlin* for appellant.

*Lansdale G. Sasscer, Jr.,* with whom were *Sasscer. Clagett, Channing & Bucher* on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Prince George's County (McCullough, J.) sustaining, without leave to amend, a demurrer to appellant's (plaintiff below) declaration which sought damages for personal injury from Prince George's County, appellee. The sole basis assigned for the ruling was appellant's failure to comply with Code (1957, 1972 Repl. Vol.) Art. 57, § 18, which provides for notice to municipal corporations and certain counties of Maryland in unliquidated claims for personal injury or property damage.

The statute, as applicable here, provided in relevant part:

"(a)(1) No action shall be maintained and no claim shall be allowed against any municipal corporation or against any of the counties enumerated in this subsection for unliquidated damages for any injury . . . to person . . . unless within the times specified in this section after the injury or damage was sustained, written notice setting forth the time, place or cause of the alleged . . . injury . . . shall be *presented either in person or by registered mail* by the claimant . . . to the county commissioners [or] county council . . . . In Montgomery County and Howard County, written notice shall be presented to the county executive. (emphasis added)

"(b) In . . . Prince George's, . . . the time within which the claim must be presented is one hundred and eighty (180) days.

\* \* \*"

The incident relied upon for appellant's cause of action is alleged to have occurred on February 27, 1971. On August 26, 1971, the one-hundred-eightieth day thereafter, appellant's attorney sent by registered mail to William W. Gullett, County Executive for Prince George's

County, a letter in which he furnished the information required by § 18. The letter was received on August 27th, the one-hundred-eighty-first day following the injury.

The singular contention made by appellee in support of its demurrer was that § 18 required the notice to be *received* within one hundred eighty days, and that a mere mailing within that time did not meet the statutory requirement. Judge McCullough agreed, saying:

". . . [T]he statute, being a statute of limitations, is strictly construed . . . . The statute says that the written notice shall be presented either in person or by registered mail within 180 days. The Court reads that statute to mean that the notice must be presented either in person or presented by registered mail within 180 days. The Court reads that to mean in hand within 180 days.

\* \* \*

"The Court finds that the mailing of the notice on the 180th day by registered mail, it having been received on the 181st day, is not compliance with the statute, the statute having to be strictly construed, and accordingly the defendant's demurrer is granted without leave to amend."

In this Court, appellee widens its stance to include the argument that the notice in question was mailed to the county executive, rather than the county council as prescribed by the code. Since this point was neither raised by appellee in support of its demurrer, as required by Rule 345 b, nor decided in the circuit court, we do not consider it here. Rule 885.

As we have noted, having regarded § 18 as a statute of limitations, the court below placed considerable emphasis upon the need for strict construction. We observe here, mainly for perspective, that we have never held § 18 to be a statute of limitations. Rather, we have regarded

it as a condition precedent to the right to maintain an action for damages. *See Cotham and Maldonado v. Board,* 260 Md. 556, 563, 273 A. 2d 115 (1971) and *Neuenschwander v. Wash. San. Comm.,* 187 Md. 67, 78, 48 A. 2d 593 (1946). Nor have we said that it must be strictly construed. Our decisions suggest a somewhat different view of § 18. *Loewinger v. Prince George's County,* 266 Md. 316, 292 A. 2d 67 (1972) ; *Jackson v. Bd. of Co. Comm'rs,* 233 Md. 164, 195 A. 2d 693 (1963). In *Jackson,* notice was given *verbally* by the claimant's attorney to an assistant county attorney and by *ordinary mail* to the county commissioners, both being *received* within the ninety days then applicable to Anne Arundel County under § 18. In an opinion by Judge Hammond, this Court reversed a decision granting summary judgment for noncompliance with § 18. We said:

> "The purpose of the statute clearly would seem to be to have the claimant furnish the municipal body with sufficient information to permit it to make an investigation in due time, sufficient to ascertain the character and extent of the injury and its responsibility in connection with it . . . . Under the great weight of authority, substantial compliance is enough . . . .
>
> "It is conceded that the appellant did not either deliver the notice in person or cause it to be delivered by registered mail, but it is also a stipulated fact that the notice, which we hold met the statutory standards, was actually received by the County in the ordinary mail within the time set by the Code provision. Statutes of this type are part of the law of many States and the majority of the cases recognize that the purpose of their specifics as to delivery is to make sure that notice actually is received within a short enough time after the injury occurs to give the municipality an opportunity to investigate while the matter is fresh. If the purpose of the statute is fulfilled, the manner of

> the accomplishment of the fulfillment has not generally been tested too technically. (Citation omitted) *In such cases substantial compliance generally is held to be enough.* 18 *McQuillin, Mun. Corp.*, 3rd Ed., Sec. 53.162 (Cum. Supp.) ; 1 *Merrill on Notice*, Sec. 545, p. 570; 64 C.J.S. *Mun. Corp.* 2199, a and f; 38 Am. Jur. *Mun. Corp.* Sec. 675; *Rhyne, Municipal Law,* Sec. 30-32." 233 Md. at 167-68 (emphasis added).

There are two thrusts to appellee's argument for affirmance. First, it puts great reliance on *Rapid Motor Lines v. Cox,* 134 Conn. 235, 56 A. 2d 519 (1947) and *O'Neil v. Boston,* 257 Mass. 414, 153 N. E. 884 (1926). While those cases are factually similar to the one at bar, they are inapposite for our purposes, as in both the comparable statute was, in its operative language, distinguishable from § 18. In *Rapid Motor Lines,* the statute read: " 'No such action shall be brought * * * unless notice' of the nature, cause, place and time of the injury 'shall have been given within sixty days . . . .' " Notice of the claim was mailed on the sixtieth day but arrived on the sixty-first. In these circumstances, the court interpreted the statute to require that notice "be delivered . . . within the sixty-day period specified in the statute, and that sending on the sixtieth day a notice which is not received . . . until the sixty-first day does not constitute compliance with the statute." 56 A. 2d at 521.

Similarly, in *O'Neil,* the statute, without prescribing the mode by which notice should be given, merely provided that a claimant "shall within ten days" after sustaining injury give notice. It is the very absence of the language contained in the Maryland statute, allowing for the registered mailing of notice, which we regard as the critical distinction between the case at bar and those cited above. Nor does any other case cited by appellee present us with a supportive holding in which the "notice" statute also contains the pivotal language found in § 18.

The remaining contention made by appellee focuses on its reliance upon *Jackson v. Bd. of Co. Comm'rs, supra.* We believe that appellee, in reading *Jackson* to compel actual receipt of notice on or before the one-hundred-eightieth day, has placed a gloss upon that case which is unwarranted. As we have indicated, the determinative facts there were that notice to the assistant county attorney, although "in person," was not in writing, and that the written notice to the county commissioners was sent by regular rather than "registered mail." Against that background, we held that the purpose of the statute had been satisfied, in terms of substantial compliance, through receipt of the notice by *"ordinary mail* within the time set by the Code." (emphasis added)

Faced without a decision construing a statute similar in wording to § 18, we have examined analogous requirements, and we see merit in the argument, for which appellant cites a collection of cases decided under the Miller Act, that while a notice requirement generally imports receipt, a different construction may result where the statute provides for notice by registered mail. A case so holding is *United States ex. rel. Crowe v. Continental Casualty Co.,* 245 F. Supp. 871 (E.D. La. 1965). There, the Miller Act required *as a condition precedent to recovery* that notice to the general contractor be given by a subcontractor within ninety days from the date supplies were last furnished. The relevant language of the statute provided:

"... any person ... shall have a right of action upon the said payment bond upon giving *written notice to said contractor within ninety days* from the date on which such person ... furnished or supplied the last of the material for which such claim is made .... Such *notice* shall be served by mailing the same *by registered mail,* postage prepaid ...." 245 F. Supp. at 872 (emphasis in original).

The notice, dispatched by regular mail, was mailed on

the ninetieth day and was received on the ninety-first day. In those circumstances, the general contractor advanced the same argument that is presented to us by appellee. Drawing upon the principles of contract law applicable to the transmission of an acceptance where the offer fails to specify the manner in which acceptance should be made, and citing 1 Corbin, *Contracts,* § 78 (1963), 1 Williston, *Contracts,* § 81 (3d Ed. 1957) and Restatement, *Contracts,* § 67, the court said:

> "When parties use the term 'notice' they usually mean a communication received. But when that term is coupled with an expression of the mode in which notice is to be effected, it indicates an intention to consider the communication 'received' when offeree dispatches notice by the mode specified.
>
> "The contract analogy supports plaintiff's position since the 'notice by registered mail' requirement demonstrates an intent to consider the notice received by the contractor when registered and mailed. Further support for this conclusion comes from other statutory, though non-Miller Act, authorities.
>
> " 'Where service of notice by registered mail is expressly authorized by statute, service is effected when the notice is properly addressed, registered, and mailed . . . .' 66 C.J.S. *Notice* § 18e(1), p. 664, n. 92." 245 F. Supp. at 873.

We reached a similar conclusion, citing *Continental Casualty* with approval, in *Montgomery County v. Glassman,* 245 Md. 192, 201-04, 225 A. 2d 448 (1967), where we had before us Code (1957) Art. 90, § 11, sometimes characterized as Maryland's "Little Miller Act." As we there noted, the Maryland statute, in its salient features, is the same as the federal statute. The view which we adopted there comports with the following statement at 58 Am.Jur.2d, *Notice,* § 27:

> "Where a statute authorizes service of notice

by registered mail, it has been held that service is effective when the notice is properly addressed, registered and mailed . . . ."

We conclude that when the Legislature provided that written notice of a claim under § 18 "shall be presented *either* in person *or* by registered mail" (emphasis added), it settled upon two alternative methods of giving notice: personal delivery of the written notice on or before the one-hundred-eightieth day or the mailing of written notice by registered mail on or before the one-hundred-eightieth day without regard, in the latter situation, to whether receipt occurs before or after the expiration of one hundred eighty days following injury. Since the latter method of "notice" was followed here in compliance with § 18, the demurrer should have been overruled.

> *Judgment reversed; case remanded for further proceedings; costs to be paid by appellee.*