## DOROTHEA BARTENS v. MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 43, September Term, 1981.]

*Decided June 28, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Richard L. Mohlhenrich, Jr.,* with whom was *Charles E. Chlan* on the brief, for appellant.

*J. Shawn Alcarese, Assistant City Solicitor,* with whom were *Benjamin L. Brown, City Solicitor,* and *Otho M. Thompson, Associate City Solicitor,* on the brief, for appellees.

COLE, J., delivered the opinion of the Court.

The primary issue presented in this case is whether the restrictions of Maryland Code (1974, 1980 Repl. Vol.), § 5-306 of the Courts and Judicial Proceedings Article (requiring a person to give a municipal corporation, herein the Mayor and City Council of Baltimore, 180 days notice before bringing an action for an injury to a person or his property) apply to a cause of action based on a contract. The Superior Court of Baltimore City sustained the defendant City's demurrer without leave to amend based on the plaintiff's failure to give the notice required by this statute. The plaintiff, Dorothea Bartens, appealed the ruling to the Court of Special Appeals which affirmed the trial court in an unreported *per curiam* opinion, *Bartens v. Mayor and City Council of Baltimore,* No. 1059, September Term, 1980 filed April 15, 1981. We granted certiorari to decide the important question presented.

Since this case is concerned solely with the sufficiency of a demurrer the only relevant facts before us relate to the pleadings. Dorothea Bartens filed a three count declaration in the Superior Court of Baltimore City, naming the City of Baltimore as the defendant. The declaration is set forth as follows:

## COUNT I

For that the plaintiff was an employee of the Department of Recreation and Parks for Baltimore City and the Playground Athletic League which became a subsidiary of Baltimore City. She was

employed from 1930 through June of 1962 when she retired under a disability which the City claims was not work connected. The Plaintiff claims that when she was pensioned it was due to an injury caused in her course of employment and therefore would be entitled to greater benefits.

WHEREFORE, this suit is brought and the Plaintiff claims Thirty Thousand Dollars ($30,000.00).

## COUNT II

The Plaintiff also alleges that the time she was employed with the Playground Athletic League, before it became a subsidiary of Baltimore City, the amount of her pension was not properly calculated.

WHEREFORE, this suit is brought and the Plaintiff claims the sum of Thirty Thousand Dollars ($30,000.00).

## COUNT III

The Plaintiff also alleges that while she was receiving a pension from the City of Baltimore for her previous employment, that she was entitled to certain costs of living benefits which she was denied.

WHEREFORE, your Plaintiff claims the sum of Fourteen Thousand ($14,000.00).

The City filed a motion raising preliminary objection alleging, *inter alia,* the lack of a necessary party, to wit: the Employees Retirement System. The motion was overruled and Bartens was given thirty days to amend her declaration. The City thereupon filed a demurrer on two grounds: (1) that Plaintiff failed to give notice in the manner prescribed by Section 5-306 of the Courts Article, and (2) that the Declaration was bad in substance and insufficient in law. Five days later Bartens filed an amended declaration reiterating

her first pleading and adding the Employees Retirement System as a defendant. The City filed a second demurrer on the same two grounds as its first demurrer. A hearing on the demurrer was held about one year later and the demurrer was sustained without leave to amend. It is from this ruling that Bartens appeals.

The first reason relied upon by the City in its demurrer was that the notice requirement of Courts Article, § 5-306 was not complied with. That statute provides that:

(a) Notice required; time for giving notice — Except as provided in subsection (c) of this section, no action for unliquidated damages for an injury to a person or his property may be brought against a county or municipal corporation unless the notice of the claim required by this section is given within 180 days after the injury.

(b) Manner of giving notice; contents — (1) The notice shall be given in person or by registered mail by the claimant or his representative to the county commissioner, city council, or corporate authorities of a defendant municipal corporation or:

(i) In Baltimore City, to the city solicitor;

(ii) In Howard County, to the county executive;

(iii) In Montgomery County, to the county executive; or

(iv) In Prince George's County, to the county executive.

(2) The notice shall be in writing and shall state the time, place, and cause of the injury.

(c) Entertainment of suit in absence of notice — Notwithstanding the other provisions of this section, the court may, upon motion and for good cause shown, entertain the suit even though the required notice was not given, unless the defendant can affirmatively show that its defense has been prejudiced thereby.

Bartens contends that § 5-306 is addressed to actions *ex delicto* only and that it does not stand as a bar to actions which sound in contract. The City, on the other hand, maintains that the statute requires notice as a condition precedent to bringing suit whenever the damages sought are unliquidated, regardless of whether the action sounds in tort or contract.

Courts Article, § 5-306 was part of an enactment that transferred the requirements of Maryland Code, Article 57, § 18 to the Courts and Judicial Proceedings Article. 1978 Md. Laws, Ch. 770. In making this switch the only relevant change in the language was the deletion of the word *damage.* Article 57, § 18 required notice where an action was brought for "an injury or damages to a person or his property" and Courts Article, § 5-306 requires notice where an action is brought for "an injury to a person or his property." No record has been preserved to shed light on the reason for this modification and its significance is probably more stylistic than substantive. Generally speaking, the words are used synonymously, injury meaning damage, *Dohring v. Kansas,* 228 Mo. App. 519, 71 S.W.2d 170, 172 (1934), and the intent of the legislature was probably to eliminate redundancy. *See, Bowman v. City of Davenport,* 243 Iowa 1135, 53 N.W.2d 249 (1952).

Code of Public Local Laws of Maryland (1939 Edition), Article 16, § 198B, 1941 Md. Laws, Ch. 405, is applicable to Montgomery County and is the initial precursor of the modern statute and the first appearance in the Code of any notice requirements imposed upon plaintiffs alleging injury at the hands of a county or municipal body. Article 16, § 198B provided that:

> No action shall be maintained against the Board of Commissioners of Montgomery County for unliquidated damages for any injury or damage to person or property unless (1) within ninety days after the injury or damage was sustained, the claimant ... gave notice in writing to the County Commissioners of the approximate time, place, cause and circumstances of such injury or damage

or (2) a report in writing concerning the events causing the injury or damage was made by a State or County police officer in the regular course of duty.

Since 1943 Article 57, § 18 has undergone frequent amendments. Such amendments, however, have for the most part involved changes not relevant here, such as the number of municipalities and counties covered, the length of notice required, and the application of the act to prospective claims. The changes have not involved the scope of actions to which the act pertains.

When the General Assembly enacted Article 57, § 18, its intention was to extend the protections Montgomery County enjoyed through Article 16, § 198B to other municipalities and counties throughout the State. The Report of the Maryland Legislative Council to the General Assembly for 1943 states that:

> The attention of the Council was called to numerous suits which have been brought against the several counties and municipalities of the State for claims for damages for injury to persons or property and that these were frequently filed long after the injury was done. Montgomery County and the City of Cumberland already have legislation requiring notice to be filed, within a short period after the injury was sustained. The other counties and municipalities of the State, it was felt, should have similar protection. Therefore, a bill has been prepared for introduction to provide that no action for damage shall be brought against any county or municipality unless notice is filed within ninety days after the injury was sustained.

Apparently it was perceived that Montgomery County had happened upon a good idea and other local governments sought the same protection. Unfortunately, neither this legislative council report nor the statutes ultimately enacted explicitly provides us with the answer to our question since

there are no words of limitation setting out exactly to what types of actions the statute pertains. We turn then to an examination of our prior holdings and the construction placed on similar statutes in other jurisdictions for guidance.

First of all, we note that the notice provided by the statute, substantially unchanged through its various amendments, requires the claimant to relate the time, place, and circumstances of the alleged injury he has suffered. Additionally, in its original form, the statute provided a secondary method of notice, by police officer's report. Clearly, the intent of the legislature in adopting such language was to protect the municipalities and counties of the State from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, *i.e.,* while the evidence was still fresh and the recollection of the witnesses was undiminished by time, "sufficient to ascertain the character and extent of the injury and its responsibility in connection with it." *Jackson v. Board of County Commissioners,* 233 Md. 164, 167, 195 A.2d 693 (1963).

Several of our sister states have concluded that in the case of claims arising out of contracts the municipality or county, as a party to the agreement, is already on notice as to the existence and circumstances of the contract which are the bases of the claim and the rights and liabilities of the parties to be derived therefrom are before them in writing. *City of Atlanta v. J.J. Black & Company,* 110 Ga. App. 667, 139 S.E.2d 515, 517 (1964); *Stauffer v. City of Topeka,* 200 Kan. 287, 436 P.2d 980, 982 (1968). *See also, Goff v. City of Fort Lauderdale,* 65 So. 2d 1 (Fla. 1953); *Anderson v. Anderson,* 300 Minn. 112, 217 N.W.2d 854, 856 (1974); *City of Lubbock v. Johnston,* 299 S.W.2d 764, 769 (Tex. Civ. App. 1957); *Puget Sound Alumni of Kappa Sigma v. City of Seattle,* 70 Wash. 2d 222, 422 P.2d 799, 804 (1967). *Compare, Enterprise, Inc. v. Nampa City,* 96 Idaho 734, 536 P.2d 729, 732-33 (1975); *Sauk County v. City of Baraboo,* 211 Wis. 428, 248 N.W. 418, 419 (1933). Thus, the reasons for compulsory

statutory notice that exist for claims based on tort do not exist where the claim is based on a contract.

We find further support for this conclusion in the type of action described in the statute by the words "injury to a person or his property." The word injury does not connote a cause of action founded on the violation of a contract. *See, Stauffer v. City of Topeka, supra,* 436 P.2d at 982 ("it will suffice to say that as specifically provided by the statute it has application only to actions for *injury* to persons or property . . . [and] no application to actions on contracts" (emphasis in original)). Referring to the Report of the Legislative Council for 1943 we find that the legislation was motivated by the "numerous suits . . . brought against the several counties and municipalities of the State for claims for damages for injury . . . filed long after the injury was done." Such focus on the word injury, normally associated with torts, is inconsistent with an intent to include contracts within its ambit.

Additionally, the statute requires that the claimed injury must be to a person's property. It has been held that "[p]roperty at common law was limited to tangible realty or personalty . . . [and] cannot be extended to include property rights in contracts." *City of Atlanta v. J.J. Black & Company, supra,* 139 S.E.2d at 517. *See also, Perkins v. Oklahoma Tax Commission,* 428 P.2d 328 (Okla. 1967). Indeed, Black's Law Dictionary, 1097 (5th ed. 1979), defines property torts as "[s]uch [that] involve injury or damage to property, real or personal, in contrast to 'personal torts' which involve injuries to person." *See, Travelers Indemnity Company v. Chumbley,* 394 S.W.2d 418, 422 (Mo. App. 1965); *Gray v. Blight,* 112 F.2d 696, 699 (10th Cir. 1940).

Thus, from the history, purpose, and language of the statute it is apparent that the requirement of notice before one can file a claim for an "injury to a person or his property" was not intended to be a restriction on actions based on a contract. We hold, therefore, that the 180 day notice provision of Courts Article, § 5-306 does not apply to actions *ex contractu* and that a demurrer based on the failure to give

the statutory notice, where the declaration alleges a cause of action in contract, cannot be sustained.

The City contends that if its demurrer cannot be sustained based on the applicability of Courts Article, § 5-306, then the second ground contained in the demurrer, that Bartens' declaration was "bad in substance and insufficient in law," provides an adequate basis for the lower court's ruling. We disagree.

Maryland Rule 345 b provides that "[a] demurrer shall . . . state in detail the question of law or insufficiency of substance upon which the demurrer is founded." Along those lines we have held that, while there is no distinct test for the sufficiency of a demurrer, *Allen v. Wilkinson,* 250 Md. 395, 397, 234 A.2d 515 (1968), a demurrer that alleges no more than that the declaration is "bad in substance and insufficient in law" is too general to meet the specificity requirement of Rule 345B and, therefore, cannot be sustained.[1] *Balto. County v. Glendale Corp.,* 219 Md. 465, 148 A.2d 786 (1959).

We hold, therefore, that the trial court erred when it sustained the demurrer without leave to amend.

> *Judgment of Court of Special Appeals reversed and case remanded to that Court with direction to reverse the judgment of the Superior Court of Baltimore City and remand to that Court for further proceedings.*
>
> *Baltimore City to pay the costs.*

---

1. In the instant case the city filed no memorandum of law which stated grounds or support for its demurrer.