64 F.3d 658
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael A. OLSHONSKY, Plaintiff-Appellant,
v.
MARYLAND NATIONAL CAPITAL PARK AND PLANNING COMMISSION,
Defendant-Appellee.
 No. 95-1331.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1995.
Decided Aug. 15, 1995.
 
 ARGUED: Louis Fireison, LOUIS FIREISON & ASSOCIATES, P.A., Bethesda, MD, for Appellant. Steven M. Gilbert, Assistant County Attorney, Rockville, MD, for Appellee. ON BRIEF: Matthew H. Goodman, LOUIS FIREISON & ASSOCIATES, P.A., Bethesda, MD, for Appellant. Charles W. Thompson, Jr., County Attorney, Joann Robertson, Senior Assistant County Attorney, Rockville, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Michael A. Olshonsky has appealed from the district court's grant of summary judgment against him for failure to comply with a statutory notice requirement in a suit against the Maryland National Capital Park and Planning Commission (MNCPPC). On October 2, 1993, Olshonsky was skating at the Cabin John Ice Skating Rink in Montgomery County, Maryland, owned and operated by MNCPPC. The rink is surrounded by protective barriers or boards which are designed to prevent skaters from unintentionally exiting the rink. At one location on the rink, the boards can be removed in order to allow ice cleaning equipment to enter and exit the ice. Olshonsky claims that as he was skating, he hit a soft area in the ice, lost control of his skates, and slammed into the protective boards. Because the boards had not been replaced correctly after the ice was cleaned, a blunt corner was exposed, which Olshonsky hit when he fell. Olshonsky suffered various injuries as a result of the accident.
 
 
 2
 Directly after the incident, MNCPPC rink personnel took a statement from Olshonsky. A personal injury report form was completed by the personnel in the presence of Olshonsky; Olshonsky himself did not write anything on the report. The report included the plaintiff's name and address, and the time, place, and cause of the injury. It was silent as to any claim against MNCPPC, the proprietor of the rink.
 
 
 3
 On July 14, 1994, more than 180 days after the accident, Olshonsky filed a diversity action against MNCPPC in the United States District Court for the District of Maryland, Southern Division, alleging MNCPPC's negligence in operating the skating rink. MNCPPC filed a motion for summary judgment on December 9, 1994, claiming that Olshonsky had failed to comply with the notice provision of the Maryland Local Government Tort Claims Act, Md. Cts. & Jud. Proc.Code Ann. Secs. 5-401 to 5-404, which requires that notice of a claim against a local government be provided to the proper officials within 180 days after an accident. Olshonsky replied to the summary judgment motion, and filed a motion requesting that the district court waive the notice requirement.
 
 
 4
 The district court rejected Olshonsky's argument that he had substantially complied with the statutory notice requirement, and found that good cause had not been shown to justify Olshonsky's failure to comply. The court therefore denied Olshonsky's motion to waive notice and granted summary judgment to MNCPPC.
 
 I.
 
 5
 Section 5-404 of the Maryland Local Government Tort Claims Act provides as follows:
 
 
 6
 (a) Notice required.--Except as provided in subsection (c) of this section, an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury.
 
 
 7
 (b) Manner of giving notice. ...
 
 
 8
 ....
 
 
 9
 (3) The notice shall be in writing and shall state the time, place, and cause of the injury.
 
 
 10
 Md. Cts. & Jud. Proc.Code Ann. Sec. 5-404. The statute identifies the officials to whom notice of a claim must be given, and outlines the manner in which the claimant must deliver the notice. It is well established in Maryland that substantial compliance with Sec. 5-404 will suffice as proper notice. See Grubbs v. Prince George's County, 267 Md. 318, 321, 297 A.2d 754, 756 (1972); Loewinger v. Prince George's County, 266 Md. 316, 318, 292 A.2d 67, 68 (1972); Jackson v. Bd. of County Comm'rs of Anne Arundel County, 233 Md. 164, 168, 195 A.2d 693, 695 (1963); see also Conaway v. State, 90 Md.App. 234, 242, 600 A.2d 1133, 1136 (1992).
 
 
 11
 The Maryland courts have found substantial compliance with the Sec. 5-404 notice provision where the proper officials have received notice "within a short enough time after the injury occurs to give the municipality an opportunity to investigate while the matter is fresh," Jackson, 233 Md. at 168, 195 A.2d at 695, even though certain technical requirements of the statute have not been met. In Jackson, for example, the plaintiff provided notice of a property damage claim, and delivered the notice by ordinary mail rather than in person or by registered mail. The Maryland Court of Appeals found the notice to be sufficient. See id., 195 A.2d at 695. Similarly, in Grubbs, the Court of Appeals found notice of a claim sufficient where the notice was sent by registered mail on the last day of the statutory period, but was received one day after the time period had elapsed: "If the purpose of the statute is fulfilled, the manner of the accomplishment of the fulfillment has not generally been tested too technically." Grubbs, 267 Md. at 321-22, 297 A.2d at 756 (quoting Jackson, 233 Md. at 168, 195 A.2d at 695).
 
 
 12
 The Maryland Court of Appeals has barred a claim against a local government from proceeding, however, when the notice did not apprise the proper officials that the plaintiff was pursuing a claim. See Loewinger, 266 Md. 316, 292 A.2d 67. In Loewinger, a plaintiff sued the county after she was injured during a test conducted at the county hospital. The plaintiff claimed that the notice given consisted of the following information:
 
 
 13
 [W]ritten reports and records were made regarding the incident by various agents, servants and employees of the County employed at the hospital, including the hospital administrator, from their own investigation and the complaints of [the plaintiff]; [ ] a representative of the County's tort liability carrier called at the home of plaintiffs a week after the occurrence to investigate their claim, and within less than a month after the injury, written notice of the claim was sent to an insurance company, which acknowledged that it was the insurer for the hospital.
 
 
 14
 Id. at 317, 292 A.2d at 68. The court found that substantial compliance had not been achieved, because no notice had been given to the proper county officials. The court pointed out that although substan tial compliance may satisfy the statutory requirement, "[t]his is not to say that any information at all, conveyed to anyone connected with the County, is sufficient." Id. at 318, 292 A.2d at 68.
 
 
 15
 The accident in the instant case occurred on October 2, 1993, and a suit was instituted by Olshonsky on July 14, 1994, more than nine months later. It is clear that literal compliance with the statute was not accomplished, since the first official notice given by Olshonsky to the MNCPPC was the actual filing of the suit, which occurred well after the 180-day deadline under Sec. 5-404. The question is whether Olshonsky substantially complied with Sec. 5-404, i.e., whether he provided the Commission with notice that was sufficient to fulfill the purposes of Sec. 5-404. See Grubbs, 267 Md. at 321-22, 297 A.2d at 756.
 
 
 16
 The Court of Appeals of Maryland has elaborated on the purpose of the notice requirement of Sec. 5-404:
 
 
 17
 Clearly, the intent of the legislature in adopting such language was to protect the municipalities and counties of the State from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, i.e., while the evidence was still fresh and the recollection of the witnesses was undiminished by time, "sufficient to ascertain the character and extent of the injury and its responsibility in connection with it."
 
 
 18
 Bartens v. Mayor & City Council of Baltimore, 293 Md. 620, 626, 446 A.2d 1136, 1138-39 (1982) (quoting Jackson, 233 Md. at 167, 195 A.2d at 695). In sum, the purpose of the notice requirement is to provide the municipality with adequate information so that it can investigate a claim before information is lost. Olshonsky contends that he substantially complied with the statute, because he provided information to the Commission regarding the accident through his oral statement after the accident, which was recorded by skating rink personnel in their accident report. He argues that the accident report contained the same information that he was required to provide as notice of a claim under Sec. 5-404, and that the Commission's decision not to investigate the incident should not prejudice his claim.
 
 
 19
 However, Olshonsky ignores the portion of the statute which specifically requires that notice of a claim be given or sent to proper officials. According to William R. Gillette, the manager of the ice rink at the time of the incident, all injuries at the rink are followed by the completion of an accident report. No further investigation is conducted, however, unless the injured person asserts a claim. Although Olshonsky is technically correct in stating that the rink knew that an accident had occurred and could, theoretically, have pursued an investigation, MNCPPC cannot be expected to investigate every injury. An injury does not automatically provoke a claim. The importance of providing notice of a claim to proper officials is to alert the relevant individuals of the need to investigate; Olshonsky's oral account of the accident given to skating rink personnel did not fulfill that purpose. In addition, because the skating rink employees filled out the accident report, Olshonsky himself never took any affirmative steps that would have notified officials in the Commission that he was interested in pursuing a lawsuit.
 
 
 20
 Olshonsky simply did not achieve substantial compliance with the notice requirement of Sec. 5-404. Because the purpose of the statute was not fulfilled, the district court was correct in finding that Olshonsky failed to comply with the requirements of the Maryland Local Government Tort Claims Act.
 
 II.
 
 21
 When substantial compliance under Sec. 5-404 is not achieved, the notice requirement may be waived for good cause:
 
 
 22
 (c) Waiver of notice requirement.--Notwithstanding the other provisions of this section, unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown the court may entertain the suit even though the required notice was not given.
 
 
 23
 Md. Cts. & Jud. Proc.Code Ann. Sec. 5-404. The defendant need not come forward with evidence of prejudice unless the court determines that the plaintiff has shown good cause. "[T]he test for [the] existence [of good cause] is that of ordinary prudence, that is, whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." Madore v. Baltimore County, 34 Md.App. 340, 345, 367 A.2d 54, 57 (1976) (quoting Lee v. Houston Fire & Casualty Ins. Co., 530 S.W.2d 294, 296 (Tex.1975)) (quoting Hawkins v. Safety Casualty Co., 146 Tex. 381, 384, 207 S.W.2d 370, 372 (1948)).
 
 
 24
 Olshonsky claims that if the accident report is deemed insufficient to constitute notice, good cause existed for his failure to provide the requisite notice. The district court did not agree. The district court found that the only reason proffered by Olshonsky for failing to give notice was his ignorance of the law, manifest in his belief that the oral statement incorporated into the accident report was sufficient.
 
 
 25
 Olshonsky has not presented any convincing reason for which he should be released from the notice requirement of Sec. 5-404. The waiver provision is meant to protect those plaintiffs who act with reasonable diligence but are somehow not able to preserve their claims. Olshonsky made no effort whatsoever to verify the relevant Maryland law or to preserve his claim. He thus has not shown that he acted with reasonable diligence in pursuing his claim. Although the purpose of the waiver of notice clause of Sec. 5-404(c) is to allow the court to achieve "substantial justice under varying circumstances," Madore, 34 Md.App. at 344, 367 A.2d at 57, Olshonsky is simply a plaintiff who sat on his rights in the hope that the slight effort that he had already expended would be enough to satisfy the statutory requirement.
 
 
 26
 Olshonsky's ignorance of the statutory requirement does not constitute good cause, and we affirm the district court's denial of Olshonsky's request for a waiver of the notice requirement.
 
 III.
 
 27
 Olshonsky failed substantially to comply with the purposes of the Sec. 5-404 notice requirement, and has not shown good cause for his omission. The judgment of the district court is accordingly
 
 
 28
 AFFIRMED.