**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**

v.

**WASHINGTON SUBURBAN SANITARY COMMISSION.**

No. Civ. JFM–01–1940.

United States District Court, D. Maryland.

Nov. 8, 2001.

Ira L. Oring, Fedder and Garten PA, Baltimore, MD, Kevin J. Hughes, William D. Pastorick, Cozen and O'Connor, Philadelphia, PA, for plaintiff.

Claudia Ivonne Koenig, Laurel, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

█ Nationwide Mutual Fire Insurance Company ("Nationwide") has brought this subrogation action against the Washington Suburban Sanitary Commission ("WSSC"). The claim arises out of a raw sewage back-up at the property of Nationwide's in-sureds. WSSC has filed a motion to dismiss on the ground that Nationwide did not comply with the 180 day notice provision of § 5–304 of the Courts and Judicial Proceedings Article of the Maryland Code.[1]

Section 5–304 provides that in a case such as this, in order to maintain an action, a plaintiff must give written notice of its claim to the corporate authorities of a defendant local government within 180 days of the claimed injury. *See, e.g., Bibum v. Prince George's County,* 85 F.Supp.2d 557, 564 (D.Md.2000); *Grubbs v. Prince George's County,* 267 Md. 318, 320–21, 297 A.2d 754, 755–56 (1972); *Cotham v. Board of County Comm'rs,* 260 Md. 556, 559–60, 273 A.2d 115, 117 (1971). Here, it is undisputed that timely notice was not given by Nationwide to WSSC. The sewage back-up occurred on June 4, 2000, and Nationwide did not provide written notice to WSSC until December 13, 2000, 194 days later.

█ Nationwide argues that its failure to provide timely notice should not be a bar to its suit either because it substantially complied with § 5–304 or because WSSC is estopped from asserting the notice requirement. As a factual predicate to this argument, Nationwide alleges that (1) its insureds, Ira and Debra Hersh, contacted WSSC on June 4, 2000 and orally gave notice of the sewage back-up; (2) WSSC trucks and employees responded to the residence in response to the notice and conducted an inspection; (3) a WSSC employee informed Mrs. Hersh that the back-up was caused by a clogged sewer line and the WSSC would take care of the damages caused by the back-up; and (4) WSSC

---

1. WSSC also moved to dismiss Count II of the complaint that alleges a claim for breach of warranty on the ground that WSSC's provision of services does not constitute a "good" to which warranties attach under Title 2 of the Commercial Law Article of the Maryland Code. *See generally Anthony Pools v. Sheehan,* 295 Md. 285, 455 A.2d 434 (1983); *Singer Co. v. Baltimore Gas & Elec. Co.,* 79 Md.App. 461, 558 A.2d 419 (1989). Since I find that Nationwide's claims are barred by failure to comply with the notice provision of § 5–304, I need not reach that issue. However, it appears that WSSC's position (to which Nationwide has not filed any opposition) appears meritorious.

employees assured Mrs. Hersh that they would prepare and submit a written report summarizing the facts giving rise to the incident.

The only Maryland case Nationwide cites in support of its argument is *Jackson v. Board of County Comm'rs*, 233 Md. 164, 195 A.2d 693 (1963).[2] There, the Court of Appeals found substantial compliance with the notice provision where plaintiff's counsel had provided timely written notice by regular mail to the County Commissioners but had not complied with another technical provision of the statute requiring that the notice be delivered in person or by registered mail. *Id.* at 168, 195 A.2d at 695–96.

*Jackson* obviously is distinguishable from the present case in that here (1) no timely written notice of any kind was provided, and (2) the oral notice that was given by Nationwide's insureds on June 4, 2000 was not to WSSC's corporate authorities but to a maintenance crew chief.

This case is far more similar to *Loewinger v. Prince George's County*, 266 Md. 316, 292 A.2d 67 (1972), than it is to *Jackson*. In *Loewinger*, the Court of Appeals found that there had not been substantial compliance with the notice requirement where a plaintiff, pursuing a malpractice claim arising from her treatment at a county operated hospital, alleged compliance by virtue of "written reports and records [that] were made regarding the incident by various agents, servants and employees of the County employed at the hospital" and by a written notice of the claim she had provided to the County's tort liability carrier. *Id.* at 317, 292 A.2d at 68. Similarly, in *Bibum v. Prince George's County*, this court found that there had not been substantial compliance in a case involving alleged police miscon-

duct where the plaintiff had completed and mailed to the police department a written complaint form but had not provided notice to the Prince George's County attorney as required by law. 85 F.Supp.2d at 564–65. *Loewinger* and *Bibum* properly recognize that the express statutory mandate of § 5–304 would be subverted by a liberal construction of the "substantial compliance" exception.

Nationwide cites no Maryland authority whatsoever in support of its estoppel argument. The argument necessarily falls as a matter of logic and of policy. Were it accepted, not only would it undermine the notice requirement of § 5–304, but also the "substantial compliance" exception to that requirement since, by definition, it would only be invoked where a plaintiff's compliance with the notice requirement was less than "substantial" within the meaning of the statute. Moreover, as a factual matter, plaintiff has made no allegation from which it could be inferred that the WSSC employees who were on the scene on June 4, 2000 said anything to indicate that legally required notice had been given by Nationwide's insureds.

A separate order granting WSSC's motion is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 8th day of November 2001

ORDERED

1. Defendant's motion to dismiss is granted; and

2. This action is dismissed.

---

2.  Nationwide also cites several cases from other jurisdictions. However, the issue presented here is peculiarly one of Maryland law and policy that must be resolved by reference to Maryland precedent.