## ASHMAN *v.* COMMERCIAL INSURANCE COMPANY

[No. 197, September Term, 1958.]

*Decided March 13, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*John W. T. Webb,* with whom was *Louis S. Ashman* on the brief, for appellant.

*Herbert L. Grymes* and *William H. Price,* for appellee.

PER CURIAM.

This is a suit upon an insurance policy issued to the plaintiff by the defendant pursuant to an agreement between the defendant insurance company and the Bar Association of Baltimore City, Inc., of which the plaintiff is a member. The policy afforded coverage, within specified limits and subject

to various conditions, for loss resulting from accidental injury or sickness.

The plaintiff filed a rambling declaration covering 35 pages in the Record Extract in this Court. It seeks, apparently, to assert claims for disability due to illness brought on by injuries sustained as the result of an accident and does not seem to assert any claim based on the provisions of the policy providing coverage for disability due to sickness. The declaration also purported to set up a claim for declaratory relief. The trial court sustained generally a demurrer to the declaration, and the plaintiff appealed.

For some reason which is neither explained nor apparent, the trial judge did not file a memorandum of the grounds of decision, despite a motion therefor filed by the plaintiff pursuant to Rule 18 c.

The pleadings are in a wholly unsatisfactory state.[1] The declaration is in flagrant disregard of Rule 301 b; the defendant's demurrer lacks the specific designation of the grounds upon which the declaration is alleged to be insufficient, which is required by Rule 345 b.

We have concluded that the interests of justice would be promoted by remanding the case without affirmance or reversal in accordance with Rule 871 a, with directions that the plaintiff-appellant be required to file an amended declaration, conforming within the requirements of Rule 301 b, within such reasonable time as the Circuit Court may fix, and that the defendant-appellee be allowed the usual time after the filing of such amended declaration to demur or to plead otherwise. The policy, or a copy thereof, having been filed, shall be considered on further proceedings herein as being before the Circuit Court as fully as if it had been filed pursuant to Rule 326.

> *Case remanded, pursuant to Rule 871 a,*
> *without affirmance or reversal, for*
> *further proceedings in accordance with*
> *the foregoing opinion; each side to pay*
> *his or its own costs.*

---

1. The appellant's present counsel did not represent him in the trial court.