## BALTIMORE COUNTY, MARYLAND *v.* THE GLENDALE CORPORATION ET AL.

[No. 184, September Term, 1958.]

466

*Decided April 14, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND and PRESCOTT, JJ.

*William E. Hammond,* with whom were *Johnson Bowie* and *Walter R. Haile* on the brief, for appellant.

*W. Lee Thomas,* with whom were *Proctor, Royston & Mueller* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

On February 21, 1957, the appellant filed a bill, subsequently amended, for specific performance of certain Public Works Agreements attached thereto, against The Glendale Corporation, alleging that Glendale had agreed, as a developer of a certain tract of land, "to construct sidewalks on all streets where curbs and gutters are required, and alleys where they are required in accordance with approved plans and specifications," and "at the Developer's entire expense under County inspection." It appears from the exhibits that the agreements were in the form of applications for County assistance, requesting the County to undertake and complete certain utilities and facilities and to pave the streets desig-

nated on a development plat, at an estimated cost to be paid or reimbursed to the County.

The amended bill alleged that the agreements were executed by the parties and duly approved by the County Commissioners on November 5, 1953, that the County had fully performed, but that Glendale had refused to do the work mentioned after request made on February 17, 1956. The amended bill further alleged that The Glendale Corporation, on February 29, 1956, filed and recorded Articles of Dissolution with the State Tax Commission, without performing the aforesaid covenants and agreements; that by custom and usage, a developer was required to have constructed and installed, at its own expense, utilities in the street beds, and to pave the streets, and to construct sidewalks within a reasonable time thereafter; and that such preliminary work had been completed in the spring of 1955.

Joined in the bill and amended bill, as party defendants, were the appellees, Lohr, Hoffmann and Blome, both as trustees of the dissolved corporation and individually. The prayers of the amended bill were that all the defendants be required to specifically perform the agreements, or, in the alternative, that the complainant be awarded money damages equal to the cost of installing the sidewalks in accordance with existing rates.

Each of the defendants filed identical demurrers to the amended bill, stating: (1) that it was bad in substance, (2) that it was insufficient in equity, (3) that there was an adequate remedy at law, (4) that it does not allege facts sufficient to impose liability [on the particular defendant in each case], (5) that the amended bill is fatally defective as to form, and (6) for other good and sufficient reasons to be shown at the hearing on the demurrer. After hearing, the Chancellor, without dictating or filing any opinion or statement of his reasons, signed an order sustaining the demurrers. From that action the appeal comes here.

Numerous points are argued in the briefs. The appellant contends (1) that the fact that the contract calls for construction work is not a bar to specific performance, (2) that a local statute authorizes specific performance of agreements

for public works, (3) that difficulty of enforcement is no bar, (4) that directors may be sued as trustees after dissolution, (5) that even if there are difficulties in the way of enforcement, the court may award monetary damages, and (6) that the fact that the County has fully performed its undertakings makes it appropriate for equity to require performance by the other parties, who have obtained the benefit thereof. The appellees contend (a) that directors may not be sued in their individual capacities, (b) that the suit is barred by limitations and laches, and this appears upon the face of the bill and opens it to demurrer, (c) that specific performance should not be granted where a lack of diligence appears, and (d) that specific performance should not be granted of a contract to build, particularly where such a decree would require court supervision.

The demurrers are too general to comply with the Maryland Rules. Rule 345 b, incorporated by reference in Rule 373 b, requires that a demurrer shall "state in detail the question of law or insufficiency of substance upon which the demurrer is founded." An editor's note states that this requirement "will be new to most county practice." But we must insist upon strict compliance with these rules, which implement Rule 885, that this Court will not ordinarily, except for the guidance of the trial court upon remand, or to avoid another appeal, where the points were presented but not decided, "decide any point or question which does not *plainly* appear by the record to have been tried and decided by the lower court." (Italics supplied.) Of the six grounds of demurrer alleged in the instant case, only the third, that there was an adequate remedy at law, could be said to state in detail the points argued in this Court, and that ground is wholly without merit. Code (1957), Art. 16, sec. 169; *Laurel Realty Co. v. Himelfarb,* 191 Md. 462, 468; *Edison Realty Co. v. Bauernschub,* 191 Md. 451, 458. None of the grounds alleged set up the questions of limitations or laches, and this is now essential, as a matter of pleading, although equity may decline relief for a stale claim after the facts are fully developed, even where not raised on demurrer. See *Rettaliata v. Sullivan,* 208 Md. 617, 621, citing *Syester*

*v. Brewer,* 27 Md. 288, 319, and *Warburton v. Davis,* 123 Md. 225. The Chancellor should have overruled the demurrers simply on the ground that they were too general. We are constrained to remand the case without affirmance or reversal in accordance with Rule 871 a, with leave to the parties to file such other pleadings in conformity with the Rules, as they may deem proper. *Ashman v. Commercial Insurance Co.,* 219 Md. 270.

We note that neither of the parties filed a motion for a statement of reasons for the Chancellor's decision, as was done in the *Ashman* case, *supra,* under Rule 18 c, and we are at a loss to know on what grounds the demurrers were sustained. For the guidance of the Chancellor, however, we may discuss one of the points argued. The individual appellees contend that they cannot be sued individually, and we find nothing in the amended bill to support such liability. It seems clear that the mere fact of dissolution of the corporation would not render them liable individually, although it seems equally clear that suit will lie against them, as trustees, or against the corporation, under the conditions stated. See Code (1957), Art. 23, secs. 76 (b), 77 (a) (2), 78 (a) and (b).

> *Case remanded without affirmance or reversal, for further proceedings in accordance with the views here expressed, costs to abide the result.*