## ALEXANDER ET AL. v. HERGENROEDER ET AL.
[No. 19, September Term, 1961.]

*Decided November 1, 1961.*

*Motion for rehearing filed November 27, 1961, denied December 20, 1961.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Joseph H. Colvin,* for appellants.

*Wallace Dann,* with whom were *Howard Calvert Bregel* and *Calvert Ross Bregel* on the brief, for appellees.

PER CURIAM.

Appellants, the Alexanders, obtained a judgment for $69,147.58 against John Hergenroeder, Sr. (Senior), and John E. Hergenroeder, Jr. (Junior), but not, as they had sought, against their wives who had not signed the notes sued on.

This Court affirmed the judgment in *Alexander v. Hergenroeder*, 215 Md. 326, 138 A. 2d 366.

Thereafter the Alexanders petitioned for special relief as judgment creditors under Maryland Rule 628, praying that the assets of Hergenroeder's Bakery, Inc., be declared to be the property of Senior, that its outstanding capital stock and the certificates representing it (which had been issued originally to Senior and his wife as tenants by the entireties and later transferred to their children) be voided and annulled, and that the assets of Woodlea Bakery, Inc., be declared the property of Junior and that its outstanding capital stock and the certificates representing it (originally issued to Junior and his wife as tenants by the entireties and the same day transferred to some of Junior's children) be voided and annulled.

The matter was referred to a Special Master, Samuel J. Fisher, who carefully considered the testimony of the Hergenroeders and other witnesses and documentary evidence and came to the final conclusion that the bakery businesses had been owned and operated by Senior and his wife and Junior and his wife, respectively, as tenants by the entireties, prior to their incorporation and the issuance of stock to the owners in exchange for the transfer of assets to the new corporations. He found that early ownerships of real estate as tenants by the entireties and early joint cash ownerships, as well as significant and continued contributions by the wives to the successful operations of these family businesses were more persuasive than certain license applications, tax returns and other writings which could be interpreted as affirmations that the businesses had been individually owned.

Judge Niles agreed with the Special Master's conclusion and denied the relief sought. We cannot say that the Special Master, the trier of fact, and Judge Niles in review, were wrong. There was substantial evidence which supported the decisions they made. Maryland Rule 886 a; *Maryland Lumber Co. v. White*, 205 Md. 180, 196, 107 A. 2d 73.

The case is analogous to *M. Lit, Inc. v. Berger*, 225 Md. 241, 170 A. 2d 303, in which a finding that a family business was owned by husband and wife, in the face of claims by a creditor that license applications and tax returns showed it to have been owned by the husband alone, was affirmed. It is

not disputed that if the Hergenroeders owned their respective businesses as tenants by the entireties the issuance of the corporate stock in the same tenancies was unassailable by a creditor of a husband alone. *Hertz v. Mills,* 166 Md. 492, 171 Atl. 709. Cf. *Annapolis Banking & Trust Co. v. Neilson,* 164 Md. 8, 164 Atl. 157.

The views we share with the lower court make it unnecessary to decide whether the three-year period of limitation specified in Code (1957), Art. 45, § 1, or twelve years, the time within which an attachment or execution on a judgment may issue, would be controlling here.

Other relief prayed by the Alexanders in their petition for supplemental relief—the determination of the ownership of certain bank stock, automobiles and insurance—was neither pressed nor decided below and will not be decided here. Maryland Rule 885; *Rose v. Paape,* 221 Md. 369, 157 A. 2d 618; *Balto. County v. Glendale Corporation,* 219 Md. 465, 150 A. 2d 433.

*Order affirmed, with costs.*