## WOLCOTT *v.* QUICK

[No. 196, September Term, 1968.]

*Decided May 19, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Joseph A. Mattingly* for appellant.

No brief filed on behalf of appellee.

FINAN, J., delivered the opinion of the Court.

On December 27, 1965, Norman H. Wolcott (appellant) obtained judgment in the Circuit Court for Howard County, in a suit for fraudulent conversion, against Mitchell Quick (appellee) in the amount of $17,000.00 with interest from that date and costs. This judgment was the result of the jury awarding actual damages of $2,000.00 and punitive damages in the amount of $15,000.00. On December 29, 1965, that judgment was entered in Montgomery County, the case having previously been transferred to Howard County for trial. Two years went by with no payment being made by the appellee on the judgment against him. Finally, on March 29, 1968, appellant petitioned for and was granted supplementary proceedings against appellee. (Maryland Rule 628 a 1.)

On April 26, 1968, examination was made of the appellee whose testimony in sum was, that due to a fire at his residence all of his financial records had been destroyed, and he was unable to file state and federal income tax returns for the years 1965, 1966 ond 1967; that he had been in the second deed of trust business but left it over two years ago and had been employed by five different home improvement firms within the past year. He further stated that he had no checking or savings accounts, no securities of any kind and that all the money he had was $2.00 in cash. He also testified that he lived in a one bedroom apartment for which he paid rent of $146.00 per month and that it was furnished with his wife's furniture; that he had no car but that one was titled in his wife's name. There was testimony that his wife had forty shares of stock in a corporation which he had organized; that he had one share; and that he claimed the corporation to be inactive.

On June 26, 1968, the appellant petitioned for the appointment of a receiver for the judgment debtor's assets pursuant to Maryland Rule 628 d. The lower court refused to grant this relief stating:

"This case terminated on December 29, 1965, therefore it is not open for the determination of a receiver-

ship proceeding which should be filed on the Equity side of this Court. Court therefore refuses to sign the above order. Dated this 1st day of July, 1968."

It is the correctness of this ruling of the lower court that is before us on appeal.

Maryland Rule 628 titled "Judgment," subtitled "Supplementary Proceedings," was intended for use in perfecting an attachment or execution upon a lien or judgment properly recorded in Baltimore City or any county of this State. Rule 628 a in part provides:

"Rule 628. Supplementary Proceedings.
    a. When, Where and How Brought.
        1. When Examination May Be Had.
    At any time within which an attachment or execution might issue upon judgment, or a recorded lien of the State of Maryland or the United States of America, upon satisfactory proof * * * or at any time after the expiration of sixty (60) days from the entry of any final judgment or recorded lien where said judgment has not been paid or satisfied, the court wherein such judgment *was rendered* or *wherein said lien was recorded* shall issue an order requiring said debtor to attend and be examined concerning said property or credits at a time and place specified in said order." (Emphasis supplied.)

It is readily apparent that supplementary proceedings clearly provide for the relief sought by the appellant. Rule 628 d specifically provides:

"Rule 628 d. Special Relief for Judgment Creditor.
    Under sections a, b and c of this Rule the court *shall grant relief* unto said judgment creditor *by an order in the nature* of injunction, decree for specific performance, writ of mandamus, or *for the appointment of a receiver,* and shall pass such order as will subject the property or credits of judgment debtor, either in his own hands or in the hands of any person to the operation of the judgment * * *." (Emphasis supplied.)

It is sufficiently clear as to scarcely brook discussion that one of the remedies the Rule makes available to the judgment creditor is the apointment of a receiver for the assets of the judgment debtor. The reason given by the lower court for denying the petition for the appointment of a receiver on the grounds that the case terminated when judgment was entered on December 29, 1965, flies in the teeth of the language of Rule 628 d. The Rule contains an expressed prohibition that supplementary proceedings cannot be initiated until 60 days after judgment becomes final and thus it inherently contemplates action only after judgment has been entered. See *Alexander v. Hergenroeder,* 226 Md. 559, 560, 174 A. 2d 580 (1961).

The lower court's further holding, that the receivership proceedings prayed for by the judgment creditor could only be initiated in the equity side of the court, was likewise in error. Rule 628 d confers jurisdiction on a court of law to grant to the judgment creditor the special relief enumerated, even though it be in the nature of equitable relief. For a full discussion of the jurisdiction and power of a court of law to grant equitable relief as provided in Rule 628 d, see the opinion of this court written by Judge Hammond (now Chief Judge) in *Dundalk Holding Co. v. Easter,* 215 Md. 549, 554, 137 A. 2d 667 (1958).

For the reasons we have stated, the order of the lower court shall be reversed and the case remanded for the issuance of an order appointing a receiver for the assets of the judgment debtor, as requested by the appellant, in the supplementary proceedings.

*Order reversed, case remanded for issuance of an order in conformity with this opinion, appellee to pay costs.*