HOUSING EQUITY CORPORATION *v.* WILLIAM T. JOYCE ET AL.

[No. 722, September Term, 1975.]

*Decided March 30, 1976.*

The cause was argued before MOYLAN, GILBERT and LOWE, JJ.

*Charles Norman Shaffer,* with whom were *Joseph D. Tydings* and *Robert A. Klein* and *Shaffer, McKeever & Fitzpatrick* on the brief, for appellant.

*Edward J. McGarth,* with whom were *Paul R. Connolly, Paul Martin Wolff* and *Williams, Connolly & Califano* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

William T. Joyce, Margaret Joyce, Stephen Jones, Ann Jones and Alma Burns brought suit against Housing Equity Corp., appellant, on a series of notes,[1] in the Circuit Court for Montgomery County. The case was removed to Caroline County, and further removed to Kent County where it was tried before a jury, presided over by Judge George B. Rasin, Jr. The jury, on October 16, 1973, handed down a verdict in favor of William T. Joyce and Margaret Joyce in the amount of $361,786.15. An identical verdict was rendered for Stephen N. Jones and Ann Jones. Alma M. Burns was also awarded a verdict for a like amount. Judgments absolute were entered on the verdicts on November 1, 1972.[2]

The judgments not having been paid, all the judgment creditors, except Alma M. Burns, filed, in the Circuit Court for Montgomery County, a "Petition for Supplementary Proceedings and Appointment of Receiver." The petition alleged that the judgments were more than sixty days old

---

[1]. The factual situation leading to the execution of the notes is set out in Housing Equity Corp. v. Joyce, 265 Md. 570, 290 A. 2d 769 (1972).

[2]. The same day the judgments were recorded and made absolute in Montgomery County.

and that no payment had been made thereon. The petition further asserted:

"Defendant, Housing Equity Corporation is insolvent, in that its debts far exceed its current assets, since its officers, directors and shareholders have disbursed all assets to themselves or to entities which are wholly-owned or wholly-controlled by them for their personal gain."

The petition pointed out that it was improbable that Housing Equity Corp., owned or controlled by the recipients of the disbursed assets, would proceed to recover those assets. The rights of appellees to undertake supplementary proceedings was uncontested, but the appointment of a receiver was vigorously opposed by appellant.

The petition was heard before Judge Joseph M. Mathias in open court. Md. Rule 628 a 2. An officer of appellant admitted, in the course of his testimony, that Housing Equity Corp. had distributed monies to its officers, without consideration therefor. The appellant was possessed of little or no assets and, in any event, was insolvent and unable to pay the judgments held by appellees. At the conclusion of the hearing, Judge Mathias appointed a receiver for the appellant corporation and Housing Equity Corp. noted an immediate appeal from this interlocutory order. Md. Ann. Code, Courts and Judicial Proceedings Article § 12-303 (c) (4).

In this Court, appellant posits to us the following question:

"Whether sellers of land to a corporate nominee (without personal liability on the part of its shareholders) holding a deficiency judgment against the corporation for the unpaid balance due on the deferred purchase price may have a receiver appointed to bring suit against the shareholders for money the corporation transferred to them without consideration from the proceeds of the resale of a part of the property which the corporation resold

with the original sellers' knowledge and permission? "

When we peel away the rhetorical facade, we perceive that we are confronted by the single issue of whether the hearing judge abused his discretion in appointing a receiver for the appellant corporation.[3]

The General Assembly, by Laws 1890, ch. 558,[4] authorized judgment creditors ". . . to require the [judgment] debtor to submit to an examination in regard to his financial condition and ownership of property." 2 J. Poe, *Pleading and Practice* § 707B (5th ed. H. Tiffany 1925). The practice of permitting such examination of the judgment debtor by judgment creditors, styled "Supplementary Proceedings," continues today, but now it is permitted by a rule of procedure rather than statute. Md. Rule 628 provides in pertinent part:

"a. *When, Where and How Brought.*

1. When Examination May Be Had.

At any time within which an attachment or execution might issue upon judgment, or a recorded lien of the State of Maryland or the United States of America, upon satisfactory proof being made to the court by affidavit or otherwise by the creditor that it is probable that the debtor has property or credits which would be liable to said attachment or execution and that the said debtor is concealing or has concealed or disposed of the same with intent to evade the effect of said judgment, or recorded lien, or at any time after the expiration of sixty (60) days from the entry of any final judgment or recorded

---

3. Md. Ann. Code, Corporations and Associations Article § 3-413 (c), confers upon a corporate creditor the right to ". . . petition a court of equity to dissolve the corporation on grounds that it is unable to meet its debts as they mature in the ordinary course of its business." The court may appoint a receiver for such a corporation. Corp. Art. §§ 3-414, 3-415.

4. The history of Maryland's Supplementary Proceedings is discussed in D. Joseph & E. Ottenheimer, *Supplementary Proceedings in Maryland* 1-9 (1955).

lien where said judgment has not been paid or satisfied, the court wherein such judgment was rendered or wherein said lien was recorded shall issue an order requiring said debtor to attend and be examined concerning said property or credits at a time and place specified in said order.

* * *

d. *Special Relief for Judgment Creditor.*

Under sections a, b and c of this Rule the court shall grant relief unto said judgment creditor by an order in the nature of injunction, decree for specific performance, writ of mandamus, or for the appointment of a receiver, and shall pass such order as will subject the property or credits of judgment debtor either in his own hands or in the hands of any person to the operation of the judgment provided that a copy of such order or decree shall be served upon judgment debtor, or other person giving him proper opportunity to be heard by the court passing such order or decree. In the event that the judgment debtor, or other person having been duly served, fails to answer or appear by the date provided in such order or decree, or if said judgment debtor, or other person shall be twice returned *non est,* such order or decree shall become final."

Judge Smith, for the Court, in *Clinton Petroleum Services, Inc. v. Norris,* 271 Md. 665, 672, 319 A. 2d 304, 308 (1974), observed that, "Our rule today reads almost exactly as the statute read when Mr. Poe wrote almost 50 years ago." Judge Smith further noted the breadth of the scope of Supplementary Proceedings by commenting:

". . . [t]hat [the] rule is intended to provide aid to a judgment creditor in collecting a judgment by permitting a searching examination as to the assets of the debtor. In other words, it provides, in aid of

execution, for what was labeled in the trial court as a 'fishing expedition.' " 271 Md. at 671.[5]

The Court of Appeals, in *Wolcott v. Quick,* 253 Md. 543, 546, 253 A. 2d 521, 522 (1969), speaking through Judge Finan, stated:

> "It is sufficiently clear as to scarcely brook discussion that one of the remedies the Rule [628] makes available to the judgment creditor is the appointment of a receiver for the assets of the judgment debtor."

Judge Finan added that, 253 Md. at 546:

> "The lower court's further holding, that the receivership proceedings prayed for by the judgment creditor could only be initiated in the equity side of the court, was likewise in error. Rule 628 d confers jurisdiction on a court of law to grant to the judgment creditor the special relief enumerated, even though it be in the nature of equitable relief." [6]

Much of appellant's argument in this Court is directed toward the right *vel non* of a receiver to proceed against the stockholders, officers and directors of the insolvent corporation. That issue, however, must await another day; it is not before us. All that we consider in this appeal is, as we have previously indicated, whether Judge Mathias abused his discretion in appointing a receiver.

The record reveals that the appellees, at one point early in the commercial relationship between the parties, rejected a partial payment of $220,000 on the promissory notes that they held from Housing Equity Corp. This appellees did, apparently, for income tax reasons. The $220,000 represented excess funds from a sale of a parcel of land to the Ford Motor Company, after the payment of expenses including a

---

5. *See* D. Joseph & E. Ottenheimer, *supra* note 4, at 11-12.

6. Judge Hammond (later Chief Judge), in Dundalk Holding Co. v. Easter, 215 Md. 549, 553, 137 A. 2d 667, 669 (1958) discussed the jurisdiction and authority for a law court to grant the equitable relief provided in Md. Rule 628 d.

partial payment to appellees of $625,000. The $220,000 was apparently retained by appellant in its treasury. The sum later was reduced, we are told, after deductions for escrow and other charges to $172,555. An estimated $167,000 was taken from appellant by its shareholders, Messrs. David R. Lawson, Bernard Segerman and Harold Simon, as a transfer without consideration. Most of the remainder was used, according to testimony of a corporate officer, to pay other bills connected with the sold property.

Appellant's argument here seems to imply something odious in the appellees' income tax reasons for not accepting the $220,000 at the time it was offered. Appellant then weaves upon that implication the flimsy fabric that the desire to avoid tax consequences somehow excuses appellant from having a receiver appointed to take charge of its assets and to make a determination with respect to whether ". . . [the shareholders, officers or directors] may be indebted to Housing Equity Corporation, and if such indebtedness is determined to exist, to make demand for payment. . . ."

We observe no abuse of discretion by Judge Mathias in appointing a receiver for the appellant. There was evidence from which he could have concluded that the judgments held by appellees were not paid within 60 days from the date thereof, that certain assets of the appellant had been transferred, without consideration, to the shareholders, although the transfer apparently occurred before the onset of litigation between the parties hereto, and that justice required the appointment of a receiver as prayed by appellees.

We make clear that we do no more in this case than hold that the hearing judge did not abuse his discretion in appointing a receiver for the appellant and cloaking the receiver with authority to prosecute such course or courses of action as the receiver, within the ambit of the order appointing him, may deem appropriate. We are not to be construed as expressing any opinion, pro or con, upon the merits of any action that may be brought by the receiver.

*Order affirmed.*
*Costs to be paid by appellant.*