MELBA INVESTORS ATLANTIC, INC. ET AL. *v.*
MIMI SELIG HOMES, INC. ET AL.

[No. 194, September Term, 1979.]

*Decided November 14, 1979.*

The cause was argued before GILBERT, C. J., and COUCH and MACDANIEL, JJ.

*H. Michael Hickson,* with whom was *John C. Nason* on the brief, for appellants.

*M. Michael Cramer,* with whom were *Levitan, Ezrin, Cramer, West & Weinstein, Chartered* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

## THE LAW

A judgment creditor may, pursuant to Md. Rule 628 a and d, seek the appointment by a circuit court of a receiver for the judgment debtor at anytime "after the expiration of sixty (60) days from the entry of any final judgment . . . where said judgment has not been paid or satisfied. . . ." The appointment of the receiver by a law court is proper even though the appointment is in the nature of equitable relief. *Wolcott v. Quick,* 253 Md. 543, 253 A.2d 521 (1969); *Housing Equity Corp. v. Joyce,* 31 Md. App. 18, 354 A.2d 445 (1976).

Once the receiver is appointed, his or her role is "to protect the rights not only of the petitioning creditor but the rights of others." 4 Poe, *Pleading and Practice* § 707 A at 365 (6th. ed. H. M. Sachs, Jr. 1975). No matter how "numerous the proceedings against the judgment debtor may be, the statutes generally provide that only one receiver shall be appointed,

or, in other words, the same person must act as receiver in all the cases." 3 Freeman, *Law of Executions* § 419 at 2240 (1900). If the rule were otherwise, the receivers might well find themselves at cross-purposes, generating more problems than they solve.

> "From the time of his appointment, the receiver in supplemental proceedings represents both the judgment creditor and judgment debtor, and is also considered as a general trustee for all the creditors of the judgment debtor. Like other trustees, his acts in contravention of his trust will not be permitted to injure the beneficiaries." 3 Freeman, *supra* at 2243. (Footnotes omitted.)

Freeman notes that "[t]he title [to the judgment debtor's property] vested in the receiver ... is that only which the debtor had at the time of the appointment [of the receiver]. The chief object of the receivership may be to reach and subject to execution property fraudulently transferred." *Id.* at 2245.

What we have said will serve as background for a better understanding of why we shall herein affirm the action of the Circuit Court for Worcester County in appointing a receiver on petition of Mimi Selig Homes, Inc. (Mimi), appellee, for the assets of the appellant, 85th Street Development Company (85th Street), currently possessed by Melba Investors Atlantic, Inc.[1] (Melba), and vacating the hearing court's order vesting title in Melba's receiver.

## THE FACTS

On May 15, 1973, Mimi, a real estate brokerage firm, entered into two written contracts in the form of listing agreements with 85th Street, owner of the Antigua condominium then under construction in Ocean City, Maryland. Mimi was granted the exclusive privilege to represent 85th Street for the sale of condominiums and was

---

1. From the record it is manifest that Melba is a "creature" of Banker's Trust of New York, the construction money lender. In short, Melba appears to be Banker's alter ego.

to receive in return, commissions of 4%. Mimi procured several purchasers and incurred incidental expenses. When the earned commissions remained unpaid for almost three years, Mimi filed a four-count declaration in the Circuit Court for Worcester County.[2] Over the course of the next five months, Mimi made attempts to serve 85th Street with process. Finally, in September 1976, service was effected by serving the State Department of Assessments and Taxation of Maryland.[3] That agency's effort to notify 85th Street by certified mail was rebuffed by the addressee.

Default judgment was entered against 85th Street on May 25, 1977. Meanwhile, on December 8, 1976, three months after constructive service, by way of service on the State agency, 85th Street conveyed its interest in the Antigua to Melba.[4] The deed reflecting the transfer was recorded in Worcester County five days later. After the default judgment was entered, 85th Street unsuccessfully sought to set it aside. The default judgment was extended on inquisition and resulted in a judgment absolute against 85th Street in the amount of $17,136. More than two months after the entry of the judgment absolute, it having remained unsatisfied, Mimi, pursuant to Md. Rule 628 d, filed a motion for special relief. Mimi requested the appointment of a receiver to dispose of real property described as the Antigua and belonging to 85th Street and to use the proceeds of the disposition to satisfy, to the extent necessary, Mimi's judgment.

Melba was allowed to intervene when it asserted that its record ownership of the Antigua was a sufficient interest to warrant its participation in the proceedings. Following a hearing on Mimi's motion for the appointment of a receiver, the hearing judge appointed a receiver and directed him to sell the Antigua property and to apply the proceeds to Mimi's lien.[5] Melba and 85th Street appealed.

2. For purposes of this appeal, the relevant portions of the declaration are *ex contractu.*

3. Such service is permitted pursuant to Md. Rule 106 e.

4. The articles of Sale and Transfer are dated October 29, 1977, and were filed on November 16, 1977.

5. Such a procedure would be improper in view of the fact the record reflects more than one creditor, and the receiver is a *receiver for all the creditors* not just Mimi.

The pleadings, on their face, showed that the judgment against 85th Street had remained unpaid for more than sixty (60) days. Md. Rule 628 a. The hearing judge properly appointed a receiver for the assets of 85th Street as he was empowered to do under Md. Rule 628 d. Had the hearing judge done so and cloaked "the receiver with authority to prosecute such course or courses of action as the receiver, within the ambit of the order appointing him ... deem[ed] appropriate," we would have no hesitancy in affirming the order "across the board." *Housing Equity Corp., supra* at 24. The judge, however, did not stop with the appointment of the receiver. Instead, he decided that *lis pendens* applied to the instant case and then proceeded to grant "[t]he relief requested." The "relief requested" far exceeded the scope of Md. Rule 628 and, of perhaps more import, creates a receiver with a built-in conflict of interest. The "relief requested" was that:

> "the Court ... appoint a receiver to sell the real property in question and described as:
>
>> All that fee simple tract or block of land situate, lying and being between 85th to 86th Streets from the Coastal Highway to the Atlantic Ocean, Ocean City, Worcester County, State of Maryland;
>
> and distribute the proceeds of sale to the plaintiff [Mimi] to the extent necessary to satisfy the judgment rendered in favor of the plaintiff [Mimi] herein."

The order is unique for several reasons. Were the receiver to follow the command of the order, he would, of necessity, have to treat Mimi as a preferred creditor, because the order specifically directs that Mimi be paid "to the extent necessary to satisfy" its judgment against 85th Street. We have already seen that a receiver serves all the creditors not just the interests of the petitioning creditor. Hence, if the receiver does what the order says, he may well find himself confronted with accusations by the other creditors of derogation of duty to protect their interests.

Additionally, even if the receiver could comply with the order of court, the order makes no provision for the disposition of the sale proceeds that are in excess of a sum sufficient to satisfy Mimi, if indeed there be such proceeds.

Furthermore, the order usurped the receiver's discretion by depriving him of the right to determine the best course of action to follow in order to protect the rights of all the creditors as well as the judgment debtor. 3 Freeman, *supra.*

We note that it is well settled that in the context of Supplementary Proceedings the hearing judge is not vested with the power to try title to land. *See* D. Joseph, E. Ottenheimer, *Collection of Money Judgments in Maryland Through the Medium of Supplementary Proceedings* at 123 (1955). Freeman, in his treatise on the *Law of Executions,* declares, "In so far as the order seems to determine conflicting claims of title, or to require the delivery of property adversely held, or to authorize the receiver or other officer to take possession of it, it is beyond the jurisdiction of the court and void. . . ." [6] § 418 at 2233.

By invoking the doctrine of *lis pendens* in an effort to recapture the assets of 85th Street, the judge effectively resolved a title dispute regarding the Antigua as between Melba and Mimi, an entirely separate legal claim on which Melba is entitled to a full plenary hearing. "If the person cited to appear [intervene] denies that he is indebted to the judgment debtor, or asserts an adverse claim to property confessedly in his possession, but which is alleged to belong to such debtor, it is doubtful whether any judge or court can be authorized, in a summary proceeding, and without giving the person summoned [intervening] the benefit of a trial by jury, to determine the issues thus presented, and, if found against the claimant, compel him to pay the debt or deliver the property for the purpose of satisfying the judgment." Freeman, *supra* at 2231.

---

6. Freeman explains, "[T]here is no authority conferred by statute upon the court to make any order requiring the delivery of the possession of such property. . . . [I]f the debtor refuses such delivery, the receiver, or any purchaser from him, must resort to some appropriate action to enforce his title and right of possession." *Id. See* Md. Rule 628 e — Contempt.

We modify the order appointing a receiver by vacating that portion of it that vests the Antigua in the receiver. We remand to the circuit court for the passage of a supplemental order properly cloaking the receiver with the necessary powers to perform his duties for the benefit of all the creditors as well as the judgment debtor.

*Order affirmed in part, vacated in part, and remanded for the passage of a supplemental order consistent herewith.*
*Costs to be divided equally between the appellants and the appellees.*