Danyale LANFORD

v.

**PRINCE GEORGE'S COUNTY, MD, et al.**

No. CIV.A.DKC 2001–2614.

United States District Court, D. Maryland.

April 26, 2002.

John Eric Smathers, McGowan Cecil and Smathers LLC, Laurel, MD, for Plaintiff.

Laura J. Gwinn, Office of Law for Prince George's County, Upper Marlboro, MD, Daniel Karp, Allen Karpinski Bryant and Karp PA, Baltimore, MD, for Defendants.

Walter L. Blair, Blair and Lee PC, College Park, MD, for Movant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this civil rights case are the motions of (1) Defendants Mayor and the City Council of Cheverly and Larry Beyna to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, to bifurcate, (2) Defendants Prince George's County, Maryland and Prince George's County, Maryland, Department of Corrections, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and (3) Plaintiff, Danyale Lanford, for leave to amend his complaint. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motions will be granted in part and denied in part.

## I. Background

The following facts are alleged in the complaint (and proposed amended complaint) by the Plaintiff. On or about June 8, 2000, Lanford was a front seat passenger in a vehicle driven by Anthony Campbell in Cheverly, Maryland.[1] Officer Andre Owens, a Town of Cheverly police officer, attempted to stop the vehicle for a traffic violation and Campbell accelerated, in an attempt to evade Owens, without Lanford's consent. Campbell proceeded onto Route 50 at an approximate speed of 80 miles per hour. He continued fleeing, nearly striking other objects or vehicles, until the vehicle was eventually stopped by Owens. Campbell and Lanford were ap-

---

1. Anthony Campbell was named as a Defendant in Plaintiff's original complaint. This court ordered the claims against Campbell remanded to the Circuit Court for Prince George's County on December 3, 2001.

prehended by Owens and Defendant John Doe # 1, a Prince George's County police officer.

Lanford was seized, handcuffed, detained, and arrested although he did not commit an offense. He was handcuffed with his hands behind his back. As he was being walked to the cruiser by Doe # 1, Doe # 1 threw Lanford to the ground causing him to hit his head on the ground. This resulted in a fracture of three vertebrae in his cervical spine. Lanford immediately screamed in pain and complained that his neck was injured. Owens and Doe # 1 ignored his pleas. Lanford was transported to the Cheverly Police Department by Owens, where he was booked and processed, despite his continued pleas for help. Lanford was presented to the Commissioner and a $10,000 bond was set. He spent three days and two nights in the Prince George's County Detention Center.

In the Detention Center, Lanford continually complained of pain in his neck, stating that he could not sleep and could barely move or walk. He was eventually taken to the detention center doctor, John Doe # 2, who, after being told of his condition, gave Lanford Tylenol and told him to take a shower. After he was released from custody, he went immediately to a hospital where he underwent eight hours of surgery for a fractured cervical spine at C3, C4, and C5 vertebrae. During the surgery, bone was removed from Lanford's hip and permanently fused to his spine with metal rods and screws. Lanford was in a neck brace for six months following surgery. Lanford continues to experience shooting pain from his neck, lives with daily pain in his neck and arms and his physical activities will be permanently limited. He has been told by doctors that he will suffer from arthritis in the future and will have a limited range of motion in his neck. Lanford is no longer able to perform any jobs that require strenuous phys-

ical activity and was forced to resign his position as a grounds keeper with the Town of Fairmont Heights.

The remaining claims in the original complaint are as follows: Count One—a federal civil rights violation against John Doe # 1 and Owens; Count Two—a civil rights violation against the County and Cheverly; Count Three—Maryland civil rights violations against Doe # 1 and Owens; Count Four—Maryland civil rights violations against the County and Cheverly; Count Five—assault claim against Doe # 1 and Owens; Count Six—battery claim against Doe # 1 and Owens; Count Seven—false arrest claim against Doe # 1 and Owens; Count Eight—false imprisonment claim against Doe # 1 and Owens; Count Nine—malicious prosecution claim against Owens; Count Ten—federal civil rights claim based on medical needs against Doe # 1, Owens, and Doe # 2; and Count Eleven—vicarious liability against the County and Cheverly. Plaintiff seeks to add as proposed Count Twelve—negligence claim against Owens and Doe # 1, Count Thirteen—negligence claim against Doe # 2; and Count Fourteen—claim for negligent hiring, training and retention against the County and Cheverly.

## II.  Standard of Review

### A.  Motion for Leave to Amend

A party may move for leave to amend his complaint pursuant to Rule 15(a) and "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The general standard in making this determination is:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As emphasized by the Fourth Circuit: *"Foman's* enumeration of factors ... embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980).

### B.   Motion to Dismiss

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil Co.,* 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985)).

Rule 12(b) states:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

### III.   Analysis

#### A.   Motion for Leave to Amend Complaint

Lanford seeks leave to amend his complaint in part to recognize the remand of claims concerning the driver of the car, Anthony Campbell, to state court and to correct the misnomer of defendants. In addition, despite the presence of already redundant and overlapping claims in the original complaint, Plaintiff seeks to add three negligence counts. None of the defendants oppose Lanford's motion to delete the counts pertaining to Campbell, to dismiss Prince George's County Department of Corrections as a named Defendant, and to substitute the Mayor and City Council of Cheverly, Maryland for Larry Beyna as a named Defendant. Prince George's County and Cheverly oppose the addition of negligence claims against Andre Owens and other unnamed individuals, and a negligent hiring, retention, and training claim against Prince George's County.

Defendants argue that adding Counts XII—Negligence against Owens and Doe # 1, and XIII—Negligence against Doe # 2, would be futile because public officials cannot be held liable for negligent performance of their discretionary functions. Similarly, the municipal defendants argue that adding proposed Count XIV—Negligent Hiring, Training,

and Retention against Prince George's County and the Town of Cheverly, would be futile because they are immune from liability for governmental acts or omissions. *See Lovelace v. Anderson,* 366 Md. 690, 785 A.2d 726, 734 (2001) ("[T]he defense of public official immunity generally applies only to negligent acts").

Plaintiff responds that municipalities may be held liable under *respondeat superior* for the negligent acts of its employees. *See Id.* at 635, 785 A.2d 726 ("[U]nless the public official's governmental employer itself has immunity from an independent source, the public official's qualified immunity does not extend to the employer, and the employer can be held liable for the official's negligence occurring in the scope of employment even though the official may be entitled to immunity").

■ Under Maryland law, "[o]nce it is established that the individual is a public official and the tort was committed while performing a duty which involves the exercise of discretion, a qualified immunity attaches; namely, in the absence of malice, the individual is free from liability." *DiPino v. Davis,* 354 Md. 18, 729 A.2d 354, 370 (1999). The court clearly stated that "[t]hose principles apply to negligent conduct, not to intentional conduct." *Id.* Lanford's arrest and treatment were discretionary acts by the officers and doctor. Plaintiff is attempting to assert additional negligence counts, which are not intentional torts and do not allege malice. Therefore, the officers and doctor are entitled to immunity under Maryland law and the addition of a negligence count against them would be futile.

■ Proposed Count XIV against the County and Cheverly for negligent hiring, training and retention similarly fails. The employment and supervision of police officers is a governmental function, and not proprietary or corporate. As such, governmental immunity protects the county

from liability in tort for simple negligence. *Housing Authority of Baltimore City v. Bennett,* 754 A.2d 367, 368, 359 Md. 356, 359 (2000).

## B. Motion to Dismiss

Defendant Prince George's County moves to dismiss both the state and federal claims against it pursuant to Rule 12(b)(6) on the grounds that Plaintiff failed to file the requisite notice under the Local Government Tort Claims Act ("LGTCA") or, in the alternative, that the complaint fails to state a proper claim pursuant to *Monell v. Dept. of Soc. Serv. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendant Town of Cheverly moves to dismiss separately on the ground that Lanford does not properly assert a *Monell* claim. Plaintiff responds that timely notice was provided to the County on November 21, 2000, pursuant to the LGTCA and that he has adequately stated a claim upon which relief can be granted.

### 1. Notice Under LGTCA

■ The LGTCA, § 5–304, states that the County Attorney must receive written notice of a claim within 180 days of injury to maintain an action for unliquidated damages against a local government. *See* MD. CODE ANN., CTS. & JUD. PROC. § 5–304(a) (1997). The notice is a condition precedent to the right to maintain an action for damages, *Grubbs v. Prince George's County,* 267 Md. 318, 297 A.2d 754, 755–56 (1972) (citing *Cotham v. Board of County Comm'rs,* 260 Md. 556, 273 A.2d 115 (1971); *Neuenschwander v. Washington Suburban Sanitary Comm'n,* 187 Md. 67, 48 A.2d 593 (1946)), and compliance with the notice provision should be alleged in the complaint as a substantive element of the cause of action. *Madore v. Baltimore County,* 34 Md.App. 340, 367 A.2d 54, 56

(1976). The notice provision of the LGTCA "applies to all torts without distinction, including intentional and constitutional torts." *Thomas v. City of Annapolis,* 113 Md.App. 440, 457, 688 A.2d 448 (1997); *see also Ashton v. Brown,* 339 Md. 70, 660 A.2d 447, 465 n. 19 (1995) (holding that the LGTCA applies to constitutional torts).

Both the complaint and proposed amended complaint are silent with regard to notice. In support of its motion to dismiss the state law claims on the ground that Plaintiff failed properly to give notice under the LGTCA, the County attached an affidavit and copies of some of the correspondence relating to purported notice, and urges the court to consider such material under Rule 56. In response, Plaintiff has presented the affidavit of his former counsel, attesting to the hand delivery of a letter to the County Attorney on November 21, 2000. The County appears now to agree that the letter was properly delivered and, accordingly, there is no dispute as to material facts. The only issue is the legal one of whether the letter satisfied the notice requirement of the LGTCA.

■ Lanford argues that he complied with the notice requirement on November 21, 2000, by letter dated November 18 to the Prince George's County Attorney's Office. The County argues that this letter is insufficient because it did not provide notice of any action by any of its officers that could give rise to tort liability.

The letter reads in full:

Our offices represent the legal interest of Danyale Lanford, presently residing at 905 59th Avenue, Fairmont Heights, Maryland 20743.

On or about June 6, 2000 at approximately 11:45 p.m., Mr. Lanford was arrested by officers from the Cheverly Police Department. During his arrest, arresting Officer John Doe handcuffed Mr. Lanford with his hands behind his back. While walking Mr. Lanford to the cruiser, Officer John Doe without notice or just cause slammed Mr. Lanford forward to the ground striking the left side of his face violently on the ground.

Mr. Lanford complained to the officers of pain in his neck and an inability to turn his head, or feel any sensation from his neck to his feet. Additionally, he informed the arresting officer that he felt a numbness and he needed medical treatment.

Mr. Lanford was transported to the Hyattsville Police Station and left there overnight. Then he was taken to Upper Marlboro and left in jail for another night, while in excruciating pain. Although, Mr. Lanford repeatedly requested to see a doctor, he was refused every time.

Upon Mr. Lanford's release from police custody, Mr. Lanford went to the Doctors Community Hospital emergency room. Mr. Lanford was diagnosed with a broken neck and immediately transported by ambulance to the University of Maryland Medical System—R. Adams Cowley Shock Trauma Center. Mr. Lanford was hospitalized for approximately one (1) week.

Please accept this letter as our client's official notice of his intent to sue the Prince George's County Police Department.

Paper No. 11, Ex. 2.

■ The courts have held that "[t]he notice requirement can be met by substantially complying with the provisions of the statute." *Bibum v. Prince George's County,* 85 F.Supp.2d 557, 564 (2000), *citing Loewinger v. Prince George's County,* 266 Md. 316, 292 A.2d 67, 68 (1972). The purpose of the notice statute is "to have the claimant furnish the municipal body with sufficient information to permit it to make an investigation in due time, suffi-

cient to ascertain the character and extent of the injury and its responsibility in connection with it." *Grubbs,* 297 A.2d at 756. The letter, thus, must be analyzed in light of the contentions now being made in this lawsuit. County employees are implicated in two aspects of Plaintiff's complaint: John Doe # 1 at the scene and time of Plaintiff's arrest and John Doe # 2, a physician at the Detention Center.

Although Plaintiff's letter to the Prince George's County Attorney's Office states that it is "official notice of [Lanford's] intent to sue the Prince George's County Police Department," nowhere does it suggest what action by a county police officer forms the basis of any claim. The County thus contends that the notice is inadequate because the County is not put on notice of "any action by any of its officers that could give rise to tort liability." Paper No. 44. Indeed, the notice states that Plaintiff's arrest (and injury) was effected by Cheverly police officers. The notice is not merely silent as to any role of a Prince George's County police officer in the arrest, but rather, it affirmatively states that Cheverly police officers were the responsible parties. Thus, the notice is insufficient as to any claim arising from Plaintiff's initial arrest.

■ On the other hand, the letter states that officials at the jail in Upper Marlboro ignored Plaintiff's medical complaints, just as alleged in the complaint. The County is responsible for those acts and the notice provided "sufficient information to permit it to make an investigation in due time." *Grubbs,* 297 A.2d at 756. Thus, Prince George's County's motion with respect to the issue of notice under the LGTCA is granted in part (as to Doe # 1) and denied in part (as to Doe # 2).

### 2. Federal Civil Rights Claim

Both Defendants assert that Lanford has failed to state a claim for relief proper-

ly under *Monell.* The Supreme Court stated in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), that there is no heightened pleading requirement under *Monell,* but rather plaintiff only need comply with Rule 8(a)(2), requiring that a "complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' "

■ Under *Monell,* "[l]iability arises only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " *Milligan v. City of Newport News,* 743 F.2d 227, 229 (4th Cir.1984), *citing Monell,* 436 U.S. at 694, 98 S.Ct. 2018. Policy or custom may be found in a number of ways, such as "in edicts of the city's formal decisionmaking body or in 'persistent ... practices of [municipal] officials having the *de facto* force of law.' " *Milligan,* 743 F.2d at 229, *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[L]ocal governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018. Policy or custom may also "be inferred from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees." *Milligan,* 743 F.2d at 229–30. Under narrow circumstances, policy may also be inferred "from the manifest propensity of a general, known course of employee conduct to cause constitutional deprivations to an identifiable group of persons having a special relationship to the state." *Id.* at 230. However, "a municipal policy or custom giving rise to § 1983 liability will not be inferred merely from

municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Id.*

Lanford's complaint alleges that his injury resulted from "a pattern and practice of improper conduct, and consist of a large number of individual acts of excessive force, improper supervision, police misconduct, and use of unnecessary force." Paper No. 1, ¶ 46. Lanford has provided no allegations, except those surrounding his own arrest and injury, to establish that the Town of Cheverly or Prince George's County has a policy or custom of "excessive force, improper supervision, police misconduct, and use of unnecessary force." Paper No. 1, ¶ 46. While the standards of pleading only require a short plain statement under Rule 8(a), the court need not accept conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). Therefore, the motion to dismiss will be granted, albeit with leave to amend the complaint to provide support for this allegation within fifteen days from the date of this order.

### 3. Vicarious Liability Claim

The County moves to dismiss Count XI on the grounds that it is not liable for the tortious acts of its employees under *respondeat superior,* citing *Nam v. Montgomery County,* 127 Md.App. 172, 732 A.2d 356, 363 (1999). The Town of Cheverly argues that such a claim might be permissible under Maryland law, citing *Town of Port Deposit v. Petetit,* 113 Md. App. 401, 688 A.2d 54 (1997). Plaintiff does not specify whether he is asserting vicarious liability for his state or federal claims.

Maryland courts hold "as a matter of common law, that local governmental entities do, indeed, have *respondeat superior* liability for civil damages result-ing from State Constitutional violations committed by their agents and employees within the scope of the employment." *Di-Pino,* 729 A.2d at 372. *See also Town of Port Deposit,* 688 A.2d at 65 ("[A] municipality is not entitled to governmental immunity for a constitutional tort committed by one of its agencies or employees and imputed to the municipality under the doctrine of *respondeat superior* "). Plaintiff's complaint alleges that the County and Town of Cheverly are liable under the theory of *respondeat superior.* Paper No. 1, ¶ 113. Therefore, Plaintiff's vicarious liability claims that rely on alleged state constitutional torts are permissible and Defendants' motion to dismiss Count XI is denied as to them. Plaintiff may not, however, assert vicarious liability as to the federal constitutional claims.

### 4. Maryland Civil Rights Claim

The County argues that Count IV asserting violations of the Declaration of Rights of Maryland should be dismissed on the grounds that there is no such claim under the Maryland Constitution and Maryland courts have never recognized a municipality as a person that can commit a constitutional violation. The Town of Cheverly does not move for dismissal of this claim. The County seems to assume that Lanford is asserting a *Monell*-type claim against the County, but the complaint alleges that the County and Cheverly directly violated Lanford's rights under the Maryland State Constitution. Paper No. 1, ¶ 63. However, the complaint fails to allege any facts to support Plaintiff's claim that the County and Cheverly directly violated his civil rights. In addition, Count Eleven also asserts vicarious liability against the municipalities and would apply to the state constitutional torts. Therefore, the motion to dismiss will be granted, again with leave to amend the complaint to provide support for this alle-

gation within fifteen days from the date of this order.

### C.   Motion to Bifurcate

Defendant, Mayor and City Council of Cheverly, moves in the alternative to bifurcate the claims against Cheverly on the ground that it will speed the discovery and trial process and will prevent prejudice to the individual officers.   As found above, most of Plaintiff's claims against the municipalities are inadequately pled.   Those that currently survive are based merely on respondeat superior. If Plaintiff successfully amends his complaint to allege *Monell* type liability, then the court will consider bifurcation.

## IV.   Conclusion

For the reasons stated above, Plaintiff's motion for leave to amend is granted in part and denied in part.   Defendants' motions to dismiss are granted in part and denied in part, and the motion to bifurcate is denied.   A separate order will follow.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of April, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1.   Defendants' Motions to Dismiss BE, and the same hereby ARE, DENIED in part and GRANTED in part as follows:

A.   Plaintiff's claims in counts two and four are dismissed, without prejudice to refiling pursuant to a motion for leave to amend;

B.   Plaintiff's claims against Doe # 1 in counts one, three, five, six, seven, eight, and ten are dismissed without leave to amend;

2.   The Motion to Bifurcate BE, and the same hereby IS, DENIED;

3.   Plaintiff's Motion for Leave to Amend Complaint BE, and the same hereby IS, GRANTED with respect to deletion of the counts against Anthony Campbell, dismissal of Prince George's County as named defendant, and substitution of Mayor and City Counsel of Cheverly for Larry Beyna as named defendant;

4.   Plaintiff's Motion for Leave to Amend Complaint BE, and the same hereby IS, DENIED with respect to the addition of Counts XII, XIII, and XIV;

5.   Plaintiff is granted 15 days within which to file a motion for leave to amend his claims in Counts II and IV;

6.   A separate scheduling Order will be entered; and

7.   The clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties.